UPDIKE GRAIN COMPANY, APPELLEE, v. ALBERT SWANSON, APPELLANT.

FILED JUNE 7, 1920.   No. 21443.

1. **Master and Servant: WORKMEN'S COMPENSATION ACT: DELINQUENT PAYMENTS: PENALTY.** Under a statute, providing that a penalty be added for all delinquent payments under the workmen's compensation act (Rev. St. 1913, sec. 3666, as amended), *held* that, where there is a reasonable controversy between the employer and the employee as to liability for certain instalments of compensation, the payments of such compensation do not become due, in the sense that they may become delinquent, until the obligation of the company is definitely ascertained or settled.

2. ――――: ――――: ATTORNEY'S FEES. Where a statute allows the employee to recover attorney's fees, in case an order for compensation is made in his favor, and in event the employer refuses to abide by the order, but appeals, and on appeal fails to reduce the award, *held* that, the power to allow attorney's fees being statutory, the court has no authority to allow them where the employee himself appeals, though by such appeal the award is increased; nor to allow fees where it is shown that the employer, upon the rendition of the award, instead of appealing, offers to pay it.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Myers & Mecham,* for appellant.

*Gurley, Fitch, West & Hickman, contra.*

FLANSBURG, J.

Action to recover, under the workmen's compensation act (Rev. St. 1913, sec. 3666, as amended, Laws 1917, ch. 85, sec. 9½, and Laws 1919, ch. 91, sec. 4), a penalty, by reason of alleged delinquency in payment of compensation, and to recover attorney's fees. The trial court denied the relief, and Swanson, the petitioner, appeals.

The case is presented here on the transcript alone, showing the petition of Swanson, the answer of the company, and the decree of the court. No reply was filed, and the allegations of new matter in the answer, therefore, stand admitted.

Swanson, while an employee of the Updike Grain Company, was injured July 12, 1918. The company recognized its liability and paid to him his medical and hospital expenses, and $12 a week for a period of 17 weeks. On July 11, 1919, the company filed a petition with the compensation commissioner, praying that a definite award be fixed. The commissioner fixed the award at $12 a week for a period of 30 weeks, and, as the company had made payments for 17 weeks only, it developed, under this award, that the company was liable for 13 additional weeks, during a period prior to the rendition of the award, and which payments it had not, in fact, made. Swanson appealed to the district court, where the award was affirmed.

The company, it appears, was satisfied with and was ready and willing to abide by both the award of the compensation commissioner, when rendered, and the judgment of the district court affirming it, and offered payment at that time of the amounts determined to be due.

Swanson again appealed from the judgment of the district court to the supreme court, and on November 15, 1919, the supreme court increased the award by ordering payments of $12 a week for a period of 45 weeks over and above what had been allowed by the compensation commissioner and the judgment of the district court, making a total award of $12 a week for 75 weeks. *Updike Grain Co. v. Swanson,* 103 Neb. 872. Upon the filing of the mandate in the district court, the company paid all instalments, with interest, for the 13 and 45 weeks, as required under the increased awards.

The statute (Rev. St. 1913, sec. 3666, as amended, Laws 1917, ch. 85, sec. 9½, and Laws 1919, ch. 91, sec. 4) reads as follows: "Except as hereinafter provided; all amounts of compensation payable under the provisions of this article shall be payable periodically in accordance with the methods of payment of the wages of the employee at the time of the injury or death: Provided, fifty per centum shall be added for waiting time for all delinquent payments after 30 days' notice has been given *of disability.*" The words "of disability" were added by the amendment effective in July, 1919 (Laws 1919, ch. 91, sec. 4).

Did the instalments for the 13 and 45 weeks, provided for under the increased awards, become delinquent within the provisions of that statute?

The statute contemplates some sort of notice to the employer or knowledge of the duty required of him, and 30 days' opportunity to act, in order that he may perform the duty and avoid default and the resulting penalty. It is argued that no notice was required in this case, since the employer is shown to have been fully apprised of the injury and the disability resulting. We need not take up the question of notice, as we find that in no event was there any delinquency on the part of the company.

The company paid the medical bill and hospital expenses and instalments for 17 weeks. It does not ap-

pear that Swanson made demand or claimed to be en-- titled to further payments. On the other hand, it is the company that instituted the proceedings before the compensation commissioner for the purpose of procuring a definite determination of the amount due. The company did not, until the time when the award was made, have notice that it was liable for 30 instalments, instead of 17; nor can it be said that these additional instalments became due prior to the award, since the liability of the company until that time was uncertain. When Swanson appealed from the judgment of the district court, it is true the company was aware of the fact that he was claiming more than the district court had given him. What Swanson's exact claim at that time was, however, does not appear. It seems sufficient to say that all that could at that time be expected of the company was to offer payment of what the district court said was due. Whether that amount would be increased by the supreme court was not known. There was nothing definite, over and above the award for 30 weeks, upon which the company could act. The total amount of liability, or the number of instalments, which would in the end be required to be paid, was still undetermined.

It cannot be said that the company was in default of those payments, over which there was a reasonable controversy, and especially when the district court had decided that the company was liable for 30 weeks only. It cannot be said that these controverted instalments, the 45 additional instalments, became due until the decision by the supreme court allowing them was rendered, and the judgment entered accordingly in the district court. The company promptly offered payment of the award fixed by the compensation commissioner and the judgment of the district court, and, when the award was increased to 75 weeks in the supreme court, paid the amount in full. Under such circumstances, the company was not delinquent in its payments, nor could it be subjected to the statutory penalty.

It was not intended by this provision of the statute that an employer should comply with every demand of the employee at his peril, and in every case, when it is later proved that the employer was mistaken as to his liability, that he should be required to increase the award 50 per cent. and be penalized in that amount. The statute was not intended to prevent the employer from having a fair opportunity to be heard and to have his just controversies tried, but, as said in *United States Fidelity & Guaranty Co. v. Wickline*, 103 Neb. 21, the penalty is provided "to make it thereby reasonably certain that the payments would not be delayed for trivial reasons and the act be thereby nullified." To say that the employer has been delinquent in providing compensation carries with it the idea that he has failed to perform his duty. An instalment of compensation cannot become delinquent until it becomes due, and it cannot be said to be due until there is some reasonable certainty as to the amount and the number of payments to be made. *Cornell v. Maverick Loan & Trust Co.*, 95 Neb. 9; 18 C. J. 475.

The petitioner further claims to be entitled to attorney's fees. The right to tax attorney's fees is purely statutory. *O'Brien v. Industrial Ins. Department*, 100 Wash. 674; *State v. District Court of St. Louis County*, 129 Minn. 423; *Friedman Mfg. Co. v. Industrial Commission*, 284 Ill. 554. The statute (Rev. St. 1913, sec. 3666, as amended, Laws 1919, ch. 91, sec. 4 ) provides that, where the employer refuses to abide by the award of the compensation commissioner and appeals, but fails to reduce the award, the employee shall, in such event, be allowed to recover attorney's fees. The appeal in this case was not taken by the company, nor did it refuse to abide by any award made, and the provisions of the statute do not apply.

It is therefore ordered that the judgment be

AFFIRMED.

ALDRICH, J., not sitting.