JOHN F. OSBORN, APPELLEE, v. OMAHA STRUCTURAL STEEL COMPANY, APPELLANT.

FILED NOVEMBER 10, 1920.    No. 21476.

Master and Servant: WORKMEN'S COMPENSATION ACT: PAYMENTS: PENALTY. Under the workmen's compensation act, periodical instalments of compensation for an injury to an employee do not become due, in the sense that they carry the statutory penalties for non-payment, until the obligation of the employer is definitely ascertained or settled in the exercise of proper diligence on his part, where there is a reasonable controversy over the extent of the injury as a basis for the number of periodical payments and the amount of each.

APPEAL from the district court for Douglas county: ARTHUR C. WAKLEY, JUDGE. *Reversed, with directions.*

*Rosewater & Cotner* and *E. J. Corkin,* for appellant.

*J. E. Von Dorn, contra.*

ROSE, J.

This is a proceeding under the workmen's compensation act. While plaintiff was earning 75 cents an hour in the employ of defendant, his right hand was drawn into a hoist-

ing machine November 14, 1918. As a result of the accident the hand was mangled and plaintiff lost a little finger. He applied to the compensation commissioner for an award for his injuries, and July 31, 1919, was allowed $12 a week for 34 3-4 weeks from the date of the injury. Defendant having made weekly payments of $12 each for 31 weeks, that period was deducted from the whole period for which compensation was allowed. It was ordered further:

"The periodical payments of compensation now due shall be paid immediately upon receipt of this award. Failure of the defendant company to comply with the provisions of this award shall automatically subject the said defendant company to the penalty as provided in 3666, section 116 workmen's compensation law of Nebraska, as amended in 1917."

From the award of the compensation commissioner plaintiff appealed to the district court, where there were findings that plaintiff was entitled to $12 a week for 119 weeks, beginning June 25, 1919, and that for failure of defendant to make such payments plaintiff was also entitled, under the statute, to $6 a week from June 25, 1919, until February 28, 1920, the date of the decision. From a judgment on these findings in favor of plaintiff, defendant has appealed to this court.

It is argued that the judgment is excessive, and that it is not sustained by the evidence. An examination of the record leads to the conclusion that plaintiff's earnings and his injuries were such as to justify the finding that he was entitled to recover $12 a week for 119 weeks, beginning June 25, 1919. The penalties, however, seem to have been imposed under a misinterpretation of the statute. There was a reasonable controversy as to the extent of the injury, and there is nothing to indicate that defendant did not pursue its remedies with proper diligence. At the time the compensation commissioner made his award of $12 a week for 34 3-4 weeks, defendant had been in default on that basis for 3 3-4 weeks only, and was willing to comply with the award. Plaintiff, by his appeal, not defendant, sus-

pended the award until it was set aside, and until the allowance for compensation was increased with penalties upon a trial in the district court. There being a reasonable controversy over the extent of plaintiff's injuries, defendant, feeling itself aggrieved by the extended period for weekly payments, including penalties, exercised the right of appeal to this court. Under these circumstances, the statutory penalties are not imposable, except for the period of actual default outside of the legitimate course of litigation, which, in the present instance, is 3 3-4 weeks. Under the workmen's compensation act, periodical instalments of compensation for an injury to an employee do not become due, in the sense that they carry the statutory penalties for nonpayment, until the obligation of the employer is definitely ascertained or settled in the exercise of proper diligence on his part, where there is a reasonable controversy over the extent of the injury as a basis for the number of periodical payments and the amount of each. Rev. St. 1913, sec. 3666, as amended by Laws 1917, ch. 85, sec. 9½, and Laws 1919, ch. 91, sec. 4; *Updike Grain Co. v. Swanson,* 104 Neb. 661. It follows that the judgment below is excessive to the extent of all the penalties imposed, except for the period of 3 3-4 weeks. The proceeding is therefore remanded, with a direction to the district court, on the record already made, to reform the judgment to comply with these views.

REVERSED.

DAY, J., not sitting.

DEAN, J., dissenting.

The penalty that is discussed in the opinion of the majority was imposed by the legislature to make it reasonably certain that the payments contemplated by the law would not be delayed and the act thereby nullified. In other words, the penalty was imposed to protect the injured employee from an employer's "bad guess" with respect to the meaning of the law. *Parson v. Murphy,* 101 Neb. 542, 16 N. C. C. A. 174. If the statute as construed by the opinion of the majority is to become the settled law of the

state it is perfectly plain that the "waiting time penalty" feature of the act will be of no benefit to the persons for whom the benefit was intended by the legislature.