JOHN MARSHALL, APPELLANT, V. COLUMBUS STEEL SUPPLY, APPELLEE.

187 N. W. 2d 607

Filed June 4, 1971. No. 37849.

Moyer & Moyer, for appellant.

Jewell, Otte, Pollock & Gatz, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

An award of the Workmen's Compensation Court en banc denied plaintiff the penalty for waiting time and attorney's fees. On appeal the district court affirmed. Plaintiff appeals.

Plaintiff sustained a compensable injury to his ankle on June 20, 1969. Defendant's compensation carrier paid his medical bills and temporary total disability to October 7 when plaintiff returned to work. On January 21, 1970, plaintiff petitioned the compensation court for relief. He alleged a permanent partial disability to the right foot and leg without specifying a percentage.

Former section 48-121, R. R. S. 1943, then in force, established this schedule: For permanent total loss of use of a foot, 66⅔ percent of daily wages during 150

weeks; for permanent total loss of use of a leg, 66⅔ percent of daily wages during 215 weeks. In all cases involving a permanent partial loss of the use of those members the compensation was to bear such relation to the amounts named as the disabilities bore to those produced by the injuries.

At a hearing before a single judge the compensation court awarded plaintiff $45 a week for 49½ weeks, finding a 33 percent permanent partial disability to the right foot. Defendant failed to appear without any excuse.

On March 11, 1970, defendant applied for a rehearing. After a trial the court en banc decreased the award to $45 a week for 26¼ weeks, finding a 17½ percent permanent partial disability to plaintiff's right foot. It found no penalty or attorney's fees assessable against defendant because a reasonable controversy existed.

An orthopedic surgeon engaged by defendant had reported on February 9, 1970, that plaintiff's injury was a minimal permanent impairment. On March 20 he estimated a 10 percent permanent impairment of the foot which he defined under compensation law to extend from the toes to the knees. Another orthopedic surgeon engaged by counsel for plaintiff found a 25 percent permanent disability of the ankle. Dr. E. N. Heiser, who treated plaintiff at his home in Columbus, did not testify. Brief references to his opinion which were not favorable to plaintiff need not be considered.

Section 48-125, R. R. S. 1943, added a 50 percent penalty for waiting time on all delinquent payments after 30 days' notice. When the employer refused payment, or when he neglected to pay compensation for 30 days after injury, and proceedings were held before the compensation court, the statute allowed the employee a reasonable attorney's fee.

The Legislature intended that an employee would receive payments without delay for trivial reasons. The employer was under a duty to exercise reasonable dili-

gence, but he retained a fair opportunity to a trial of his just controversies. Reasonable certainty of the amount and number of compensation payments was required. See, Gill v. Hrupek, 184 Neb. 436, 168 N. W. 2d 377 (1969); Wheeler v. Northwestern Metal Co., 175 Neb. 841, 124 N. W. 2d 377 (1963); Redfern v. Safeway Stores, Inc., 145 Neb. 288, 16 N. W. 2d 196 (1944); Mc-Crary v. Wolff, 109 Neb. 796, 192 N. W. 237 (1923); Hall v. Germantown State Bank, 105 Neb. 709, 181 N. W. 609 (1921); Osborn v. Omaha Structural Steel Co., 105 Neb. 216, 179 N. W. 1022 (1920). Each case turned largely on its own facts.

In the present case defendant's inexcusable failure to appear before the single judge court weighs heavily. Existence of a reasonable controversy under the circumstances, however, neutralizes neglect on defendant's part.

The cause of plaintiff's justifiable dissatisfaction actually lies elsewhere. Too much litigation which benefits neither employee nor employer is characteristic of the system. Interest in the subject is indicated by the following materials: Report of Judicial Council, 48 Neb. L. Rev. 699 (1968); Report of Committee on Procedure, Nebraska State Bar Association, 43 Neb. L. Rev. 211 (1963); Report of Judicial Council, 42 Neb. L. Rev. 343 (1962); Report of Committee on Legislation, Nebraska State Bar Association, 31 Neb. L. Rev. 307 (1951); Report of Committee on Legislation, Nebraska State Bar Association, 30 Neb. L. Rev. 154 (1950).

It is desirable that the Legislature simplify practice and proceedings in these cases. See Art. V, § 25, Constitution of Nebraska.

AFFIRMED.