LYNN M. SAVAGE, APPELLANT, V.
HENSEL PHELPS CONSTRUCTION COMPANY, A CORPORATION, AND AETNA CASUALTY AND SURETY COMPANY, A CORPORATION, APPELLEES.

305 N.W.2d 375

Filed May 1, 1981.   No. 43542.

Harry R. Meister of Winner, Nichols, Meister & Douglas for appellant.

Holtorf, Kovarik, Nuttleman & Ellison, P.C., and James M. Mathis for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, Lynn M. Savage (Savage), appeals from a judgment entered by a three-judge panel of the

Workmen's Compensation Court finding that Savage, while in the employ of appellee Hensel Phelps Construction Company (Hensel Phelps), suffered injuries to his back and that, as a result of such injuries, Savage was totally disabled from March 29, 1978, to the date of the rehearing on March 25, 1980, and will continue to be so disabled for an indefinite period of time. The compensation court further found that, as a result of the accident and injury, Savage is unable to perform work for which he has previous training or experience and is entitled therefore to seek vocational rehabilitation services, including retraining and job placement, if possible, to the extent as may be reasonably necessary to restore him to suitable employment. The compensation court further found that there was a reasonable controversy between the parties in regard to the suspension of disability payments which occurred during the course of the dispute and that, therefore, Savage's request for penalties and attorney fees should be denied. Also denied was Savage's request for the cost of travel from Nebraska to Massachusetts where Savage's treating physician resided and where the surgery was performed. We believe that the compensation court was correct in all respects and the judgment should be affirmed.

Savage assigns three specific errors as the basis for this appeal. Savage maintains as his first assignment of error that the compensation court erred "[i]n failing to find that the plaintiff is totally permanently disabled." The second assignment of error is that the compensation court erred in forcing Savage to take vocational rehabilitation services when he is not able to be retrained and restored to suitable employment. And, third, the compensation court erred in not awarding all medical travel expenses, penalty, and attorney fees. We shall address the errors in the order assigned by Savage.

Turning to the first error, that the court failed to find that Savage was totally permanently disabled, we

believe that Savage misinterprets the compensation court's order. The order of the compensation court, entered May 27, 1980, specifically provides, in part, as follows: "[A]s a result of said accident and injury the plaintiff incurred hospital and medical expenses and was totally disabled from March 29, 1978, to the date of this rehearing on March 25, 1980, and will continue to be so disabled for an indefinite future period of time." Moreover, the court's award provides, in part, as follows: "That the plaintiff have and recover of the defendants the sum of $140.00 per week for 104 weeks to and including the date of this rehearing on March 25, 1980, and a like sum per week thereafter for as long as plaintiff shall remain totally disabled as a result of said accident and injury."

Apparently, Savage believes that the compensation court's award should not have been in any manner qualified by inserting the words "for as long as plaintiff shall remain totally disabled as a result of said accident and injury." We know of no such prohibition imposed upon the compensation court. The appellees concede and accept, for the purposes of this accident, that Savage is presently permanently disabled, and we are unable to discern what more we can order under the law. The first assignment of error must be overruled.

We believe that Savage's real complaint goes to his second assignment of error. He believes that he should not be forced to take vocational rehabilitation services when he is not able to be retrained and restored to suitable employment. The order, however, does not require him to take the training. It merely provides that: "The plaintiff should contact the Rehabilitation Specialist of the Nebraska Workmen's Compensation Court within 30 days after the date of this Award in order to be referred to a qualified physician or facility *for evaluation and report of the practicability of, need for and kind of service, treatment or training necessary and appropriate to render him fit for a remunerative occupation.*" (Emphasis supplied.) Savage argues that, at age 62

and with limited education and training, it would be difficult, if not impossible, for him to be retrained for any kind of gainful employment. That may be absolutely true. The order of the compensation court, however, does not require him to obtain employment or even submit to retraining if such training is not appropriate. It merely requires him to contact the rehabilitation specialist of the Nebraska Workmen's Compensation Court so that he may be evaluated. If the evaluation discloses that Savage is indeed correct in his conclusion and he cannot be retrained, that is the end of the matter. Such an evaluation is totally consistent with the purpose of the Workmen's Compensation Act. See Neb. Rev. Stat. § 48-162.01 (Reissue 1978).

In *Camp v. Blount Bros. Corp.*, 195 Neb. 459, 466, 238 N.W.2d 634, 639 (1976), we noted: "Since there is a possibility that rehabilitation services might reduce the liability of the Second Injury Fund we believe the State of Nebraska should be given an opportunity to request that the plaintiff be required to submit to an evaluation at its expense." Likewise, we believe that Hensel Phelps is entitled to such an opportunity. Obviously, if Savage is not retrainable and cannot obtain employment, he will not be penalized in any manner. On the other hand, if, indeed, he can be retrained and can obtain gainful employment, it is both to his advantage and to the advantage of Hensel Phelps and Aetna that such action be taken. The Workmen's Compensation Court may, as a condition of awarding compensation to an injured employee, require the employee, if appropriate, to submit himself for evaluation to determine if the employee may be retrained and thereby gainfully employed in the future. We believe that there was nothing improper in the compensation court requiring, as a condition of payment, that Savage at least submit himself for evaluation. We accordingly overrule the second assignment of error.

Turning then to the last assignment of error, the

question of whether the temporary disability payments were unreasonably withheld so as to entitle Savage to penalty and attorney fees, and whether he was entitled to be reimbursed for the cost of travel from Lincoln to Massachusetts, we believe, likewise, the assignment must be overruled. We have previously held that where a reasonable controversy exists between the parties as to the payment of compensation, an injured employee is not entitled to the statutory penalties for waiting time. See *Spiker v. John Day Co.*, 201 Neb. 503, 270 N.W.2d 300 (1978). Whether or not there was a reasonable controversy between the parties is always a question of fact. In *White v. Western Commodities, Inc.*, 207 Neb. 75, 295 N.W.2d 704 (1980), we again reiterated the oft-noted rule that in reviewing a judgment of the Workmen's Compensation Court, this court is bound by findings of fact made by such compensation court after rehearing to the extent that such findings have support in the evidence. We cannot say that the compensation court's finding that there was a reasonable controversy is without support in the record. That being the case, we are not at liberty to reverse that finding and therefore we affirm the action of the compensation court in denying penalties.

As to the matter of attorney fees, what we have said with regard to the compensation court's refusal to order the payment of a penalty applies to its refusing to order the payment of an attorney fee. The right to tax attorney fees is purely statutory in a workmen's compensation case. See, Neb. Rev. Stat. § 48-125 (Reissue 1978); *Rexroat v. State*, 143 Neb. 333, 9 N.W.2d 305 (1943). We find no statutory authorization to impose attorney fees in this case.

As to the matter of travel expenses from Nebraska to Massachusetts, the compensation court refused to allow Savage's request for payment, limiting the payment of travel expense reimbursement to driving while in Massachusetts. This was apparently due to the provisions of Neb. Rev. Stat. § 48-120 (Reissue 1978), which provides,

in part, as follows: "If the employee shall select a physician located in a community not the home or place of work of the employee, and a physician is available in the local community or in a closer community, no travel expenses shall be required to be paid by the employer or his insurer."

The compensation court apparently found from the evidence that a physician was available in the local community or in a closer community than Massachusetts where Savage's daughter lived. Our review of the record supports that view, and we cannot say the compensation court was in error.

Furthermore, the record fails to disclose any evidence to support Savage's claim as to either the miles traveled or expenses incurred. We must, therefore, overrule Savage's last assignment of error. The judgment of the compensation court is correct in all respects and the judgment is affirmed.

AFFIRMED.

BRODKEY, J., concurs in result.