LOIS LAPAGE, APPELLEE, V. CITY OF LINCOLN, NEBRASKA,
APPELLANT.
446 N.W.2d 738

Filed October 13, 1989.    No. 89-013.

James D. Faimon, Assistant Lincoln City Attorney, for appellant.

Robert R. Gibson, of Professional Legal Associates of Nebraska, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

On rehearing, the Nebraska Workers' Compensation Court entered an award for Lois LaPage concerning her injuries sustained as the result of accidents arising out of and in the course of LaPage's employment with the City of Lincoln. The city appeals and claims that the 2-year statute of limitations, see Neb. Rev. Stat. § 48-137 (Reissue 1988), bars recovery by LaPage.

" 'Findings of fact made by the Nebraska Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case. [Citations omitted.] In testing the sufficiency of evidence to support findings of fact made by the Nebraska Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. [Citations omitted.] Factual determinations by the Workers' Compensation Court will not be set aside on

appeal unless such determinations are clearly erroneous. Regarding facts determined and findings made after rehearing in the Workers' Compensation Court, § 48-185 precludes the Supreme Court's substitution of its view of the facts for that of the Workers' Compensation Court if the record contains evidence to substantiate the factual conclusions reached by the Workers' Compensation Court. [Citations omitted.] As the trier of fact, the Nebraska Workers' Compensation Court is the sole judge of the credibility of witnesses and the weight to be given testimony.' "

*Osborne v. Buck's Moving & Storage*, 232 Neb. 752, 752-53, 441 N.W.2d 906, 906-07 (1989). See *Fees v. Rivett Lumber Co.*, 228 Neb. 617, 423 N.W.2d 483 (1988). See, also, Neb. Rev. Stat. § 48-185 (Reissue 1988).

"A defendant alleging the statute of limitations as an affirmative defense has the burden to prove such defense." *League v. Vanice*, 221 Neb. 34, 42, 374 N.W.2d 849, 854 (1985). Determination of causation is, ordinarily, a matter for the fact finder. *Fees v. Rivett Lumber Co., supra.*

The record supplies sufficient evidence to sustain the factual disposition of the question concerning the statute of limitations and supports the award by the Workers' Compensation Court. Finding no clear error regarding the award, we affirm the judgment of the Workers' Compensation Court.

As authorized by Neb. Rev. Stat. § 48-125(1) (Reissue 1988), we award LaPage an attorney fee of $750 for her lawyer's services in this court.

AFFIRMED.