RICHARD G. MCMICHAEL, APPELLEE, V. LANCASTER COUNTY
SCHOOL DISTRICT 001, ALSO KNOWN AS LINCOLN PUBLIC
SCHOOLS, APPELLANT.

447 N.W.2d 35

Filed October 20, 1989.   No. 88-1019.

John M. Guthery and Maureen A. Lauren, of Perry, Guthery, Haase & Gessford, P.C., for appellant.

Hal W. Anderson, of Berry, Anderson, Creager & Wittstruck, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is an appeal from an order of the Nebraska Workers' Compensation Court awarding the plaintiff employee, Richard G. McMichael, compensation for an injury he sustained while he was employed as an assistant building superintendent for Lancaster County School District 001.

Plaintiff states in his petition that he sustained an injury to his back while moving a file cabinet at a Lincoln public school on September 23, 1987. The school district does not contest the fact that the plaintiff suffered an injury which arose within the scope of his employment or that plaintiff gave timely notice of

the injury.

The medical evidence was submitted on various hospital patient summaries, doctors' notes, and doctors' reports. Plaintiff sought medical treatment for pain in his leg and back on October 22, 1987. Plaintiff's physician diagnosed the injury as a herniated lumbar disk and referred plaintiff to a neurological surgeon, Dr. Benjamin Gelber. On November 13, 1987, Dr. Gelber performed a "[p]artial hemilaminectomy, fourth lumbar, left, with removal of protruded intervertebral disk, foraminotomy, 11-13-87." On December 28, 1987, Dr. Gelber prepared a written statement containing the following: "He [plaintiff] has made an excellent recovery. He can return to his previous employment without medical restriction as of 1-2-88." In a letter dated January 7, 1988, Dr. Gelber stated: "The protruded disc was most likely caused by the accident at work . . . . A protruded disc requiring laminectomy at a single level without neurologic deficit, in my opinion, should produce a permanent partial impairment of the whole man of 15%."

On August 9, 1988, a judge of the Workers' Compensation Court awarded plaintiff temporary disability benefits and ordered the school district to reimburse plaintiff for the medical expenses he incurred resulting from the injury. The court denied compensation for a permanent partial disability because plaintiff failed to prove a loss or reduction in his earning power.

The case was submitted for rehearing before a three-judge panel on the stipulated set of facts contained in a September 9, 1988, pretrial order. The stipulated facts show that sometime after plaintiff returned to work, he was promoted to building superintendent and received an increase in pay and that plaintiff is able to perform all the job-related duties he was performing before the injury and all of the duties currently required of him as building superintendent. However, it was also stipulated that plaintiff, on occasion, suffers pain and discomfort in the area of the injury. The stipulation also contained the medical report, as quoted above, as to "permanent partial impairment."

Based upon these facts, the panel found that plaintiff sustained a loss of earning power insofar as his ability to procure employment generally had been impaired, and

concluded that plaintiff suffered a permanent disability of 15 percent to the body as a whole. The panel modified the one-judge order and awarded plaintiff additional compensation for a permanent partial disability and awarded plaintiff attorney fees.

The school district timely appeals, assigning two errors. The school district contends (1) that there was insufficient evidence to support the Workers' Compensation Court's award of permanent partial disability and (2) that the Workers' Compensation Court erred in awarding plaintiff attorney fees. We reverse.

With regard to the first assignment of error, the school district does not contest the fact that plaintiff suffered a work-related injury and does not contest the payment of the medical expenses and temporary disability for the injury. The issue here only relates to whether the Workers' Compensation Court correctly found that plaintiff has proved his injury resulted in a compensable permanent partial disability.

Whether plaintiff suffers from such a disability is a factual question. The findings of fact made by the Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Alley v. Titterington, ante* p. 71, 443 N.W.2d 615 (1989).

The school district contends that there is insufficient evidence to sustain the panel's finding that plaintiff suffered a permanent partial disability, because plaintiff failed to adduce sufficient medical evidence showing that the injury resulted in such a disability. In testing the sufficiency of the evidence to support the findings of fact made by the Workers' Compensation Court, the evidence must be considered in the light most favorable to the successful party. *Roesler v. Farmland Foods*, 232 Neb. 842, 442 N.W.2d 398 (1989).

In considering the evidence required, we stated in *Fees v. Rivett Lumber Co.*, 228 Neb. 617, 621, 423 N.W.2d 483, 486 (1988):

"Unless the character of an injury is objective, that is, an injury's nature and effect are plainly apparent, an injury is a subjective condition, requiring an opinion by an

expert to establish the causal relationship between an incident and the injury as well as any claimed disability consequent to such injury."

Plaintiff urges that the panel's order is supported by Dr. Gelber's expert opinion as reflected in his January 7, 1988, letter showing the nature and extent of the disability. Dr. Gelber's letter stated: "A protruded disc requiring laminectomy at a single level without neurologic deficit, in my opinion, should produce a permanent partial impairment of the whole man of 15%." The school district contends that the use of the word "should" in the statement is merely speculative and does not support the finding that plaintiff's injury did result in a disability.

We need not decide whether the opinion of the doctor, as phrased, constitutes a sufficient opinion to support a finding that plaintiff did, in fact, suffer a 15-percent permanent partial disability. The opinion is a sort of syllogism. The doctor states that plaintiff suffered from a protruded disk and was operated on and that such a condition, after operation, should result in 15 percent disability. What is lacking, of course, is the conclusion that this plaintiff, therefore, has suffered a 15-percent disability. However, for the purposes of this opinion only, we shall treat the doctor's opinion as sufficient to support a 15-percent disability finding, if the opinion is otherwise sufficient.

It is our conclusion that the opinion cannot be sufficient to support the 15-percent finding in this case. In the doctor's surgical notes and in the hospital summaries the operation performed by Dr. Gelber on plaintiff is described as a "partial hemilaminectomy." The letter opinion states that a "laminectomy at a single level" should result in a 15-percent permanent partial impairment. Whether a "partial hemilaminectomy" is identical with a "laminectomy," and whether the two operations result in the same disability, is certainly beyond the ken of a nonmedical fact finder, without further evidence.

In 2 J. Schmidt, Attorney's Dictionary of Medicine and Word Finder H-48 and H-49 (1987), hemilaminectomy is defined as follows:

The word "laminectomy," without the prefix hemi-, denotes a surgical operation for the removal of the laminae (singular, *lamina*) of one or more vertebrae. . . .
The prefix hemi- means *half*, and the word *hemilaminectomy* means the removal of one or more laminae on *one side* of the vertebral column . . . .

(Emphasis in original.) See, also, to the same effect, R. Sloane, The Sloane-Dorland Annotated Medical-Legal Dictionary (1987).

Whether the additional word "partial" in the surgeon's notes is redundant or signifies a lesser removal is not known. Without explanation, the terms "laminectomy" and "partial hemilaminectomy" cannot be considered synonymous.

Dr. Gelber's letter is not sufficiently definite to provide the basis of an award for permanent disability to the plaintiff in this case. A workers' compensation award cannot be based on mere possibility or speculation, and if an inference favorable to the plaintiff can only be reached on the basis thereof, then he cannot recover. *Erving v. Tri-Con Industries*, 210 Neb. 339, 314 N.W.2d 253 (1982).

When the evidence in the record is insufficient to warrant the making of the award, or the factual findings made by the Workers' Compensation Court do not support the award, the Supreme Court must modify, reverse, or set aside that award. Neb. Rev. Stat. § 48-185 (Reissue 1988); *Kingslan v. Jensen Tire Co.*, 227 Neb. 294, 417 N.W.2d 164 (1988). The Workers' Compensation Court erred as contended in the school district's first assignment of error.

The school district contends in its second assignment of error that the panel erred in awarding plaintiff attorney fees. In view of the result reached herein, the district is correct in that contention also. The judgment is reversed and the cause remanded to enter judgment in accordance with this opinion.

REVERSED.

WHITE, J., concurs.