RICHARD H. BEHRENS, APPELLANT, V. AMERICAN STORES PACKING CO. ET AL., APPELLEES.

449 N.W.2d 197

Filed December 8, 1989.   No. 89-131.

T.J. Hallinan, of Cobb, Hallinan & Ehrlich, P.C., for appellant.

David A. Barron, of Cline, Williams, Wright, Johnson & Oldfather, for appellees.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is an appeal from two orders of the Workers' Compensation Court, each of which was filed by a panel on January 30, 1989. The first order disqualified the plaintiff-appellant, Richard H. Behrens, from receiving disability benefits for a period of $4^{1}/_{7}$ weeks for refusing to submit to a medical examination as requested by the defendants-appellees American Stores Packing Co. and Kemper Insurance Co. The second order denied the plaintiff attorney fees for the legal services he incurred in the hearing following the remand of *Behrens v. American Stores Packing Co.*, 228 Neb. 18, 421 N.W.2d 12 (1988), hereinafter referred to as *Behrens I.*

*Behrens I* involved an appeal from an order of a three-judge panel affirming one judge's denial of defendants' application for a modification of plaintiff's benefits, in which appeal this court reversed the three-judge panel's determination as to the payment of certain physical therapy medical claims and remanded the cause for the determination of the proper payments. In *Behrens I*, the Supreme Court held, inter alia, that plaintiff remained temporarily totally disabled and therefore continued to be entitled to benefits. Subsequent to this ruling and pursuant to Neb. Rev. Stat. § 48-134 (Reissue 1988), defendants asked plaintiff to submit to a medical examination. Plaintiff refused defendants' request in a letter dated September 14, 1988. Defendants moved for an order of the compensation court to require plaintiff to submit to such an examination, and on October 12, 1988, the court granted the motion.

On October 14, 1988, defendants filed a motion seeking an order denying plaintiff benefits from the time he refused to submit to the medical examination until the compensation court ordered him to do so. A single judge determined that the plaintiff's refusal was unreasonable and denied him benefits for the period of the refusal. On rehearing, a three-judge panel of the court affirmed the decision of the single judge.

Also, a hearing before a three-judge panel was held May 18, 1988, pursuant to the remand from this court of *Behrens I, supra*. In *Behrens I*, we stated:

It was error for the court to either consider or apply rule IV [of the Workers' Compensation Court] and the RVS [relative value study] chart when assessing the reasonableness of the physical therapy expenses. . . . The record shows, and the trial court found, that there was great conflict in the record relating to the claims for physical therapy services, and there is a suggestion in the record that some of the therapy did not relate to plaintiff's compensable injury. Since we review for error only, and the reasonableness of these medical charges is a fact question to be determined by the trial court, we reverse and remand to the court for further proceedings in accord with this opinion to determine plaintiff's medical claims, if any.

*Id*. at 25-26, 421 N.W.2d at 17.

At the hearing after this court's remand, the panel "considered the evidence it received at the rehearing, the evidence received at the Hearing on Remand, the evidence received post Remand hearing but disregarded the relative value schedules chart and rule 4," and assessed the reasonableness of the medical charges. The court ordered the plaintiff's physical therapy charges be paid in an increased amount.

Plaintiff contends that he is entitled to attorney fees under Neb. Rev. Stat. § 48-125 (Reissue 1988) for his attorney fees and expenses incurred on remand. Following a hearing on the issue, the three-judge panel denied the plaintiff attorney fees and expenses in that regard.

The plaintiff timely appealed each of the foregoing orders to this court and assigns two errors: (1) The court erred in failing to find that the plaintiff's refusal to submit to the medical exam was not unreasonable under the circumstances then and there existing, and (2) the court erred in failing to find that plaintiff was entitled to a reasonable attorney fee for obtaining payment of plaintiff's therapy bills on remand of *Behrens I*. We affirm as to the first assignment of error and reverse and remand on the second.

With respect to the first assignment of error, § 48-134 provides:

After an employee has given notice of an injury, as

provided in section 48-133, and from time to time thereafter during the continuance of his or her disability, he or she shall, if so requested by the employer or the insurance company carrying such risk, submit himself or herself to an examination by a physician or surgeon legally authorized to practice medicine under the laws of the state in which he or she practices, furnished and paid for by the employer, or the insurance company carrying such risk, as the case may be. . . . The unreasonable refusal of the employee to submit to such examination shall deprive him or her of the right to compensation under the Nebraska Workers' Compensation Act during the continuance of such refusal . . . .

Thus, under the statute, an employer or insurance company may request the employee to submit to an examination, and an employee's unreasonable refusal shall result in the claimant's being denied compensation during the time of the refusal. The only factual determination which the compensation court must make under the statute is whether an employee's refusal to submit to such an examination is reasonable.

Plaintiff's argument here focuses on the dispute over whether the physician selected by the defendants was an independent examiner or one who would carry out an adversarial purpose. Plaintiff contends that his refusal was not unreasonable because the defendant did not provide him with the physician's qualifications, and asserts that he had reservations about the reputation of the physician selected. Following a hearing on October 11, 1988, the plaintiff was ordered to submit to an examination by an orthopedic surgeon as selected by the defendants, pursuant to § 48-134.

The determination of whether the plaintiff's refusal to submit to a medical examination requested under § 48-134 was unreasonable under the circumstances is a fact question. Findings of fact made by the Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. Neb. Rev. Stat. § 48-185 (Reissue 1988); *McMichael v. Lancaster Cty. Sch. Dist. 001,* 233 Neb. 603, 447 N.W.2d 35 (1989); *LaPage v. City of Lincoln,* 233 Neb. 576, 446 N.W.2d 738

(1989). In testing the sufficiency of the evidence to support the findings of fact made by the Workers' Compensation Court, the evidence must be considered in the light most favorable to the successful party. *McMichael, supra*; *LaPage, supra*.

Although the plaintiff allegedly had reservations about the qualifications of the physician, the record shows that the plaintiff submitted no evidence challenging the physician's qualifications. The only evidence received concerning plaintiff's refusal to submit to the exam was his statements of reluctance and that he desired to be examined by a physician other than the one selected by the defendants. Such reluctance or desire does not rise to the level of a reasonable refusal to submit to a requested medical examination.

As the panel stated in its order after rehearing, "The Court finds nothing in 48-134 that requires an employee to be consulted by the employer in the selection of such examining physician." We have stated that "[i]t is not within the province of the Supreme Court, the Workers' Compensation Court, or any other tribunal to read a meaning into a statute which is not warranted by its language." *Spangler v. State*, 233 Neb. 790, 799, 448 N.W.2d 145, 152 (1989). In short, § 48-134 places the selection of the examining physician solely within the employer's or insurance company's discretion, so long as the physician selected is one legally authorized as set out in § 48-134. Plaintiff's first assignment of error is without merit.

Regarding the second assignment of error, concerning the compensation court's refusal to order the payment of plaintiff's attorney fees and expenses on remand, the panel held:

Plaintiff's motion should be denied for reasons that (1) the Court was not cited and is not aware of any statutory authority permitting it to award attorney fees for a hearing on remand of a decision from the Supreme Court of the State of Nebraska and (2) even if such authority exists the Court finds there was at least a reasonable controversy as to the amounts allowable for physical therapy charges and therefore no attorney fee would be allowed to the prevailing plaintiff.

Section 48-125 allows attorney fees in workers' compensation cases, in certain circumstances, on rehearing and

on appeal, but does not specifically address the issue of attorney fees on remand from this court. The panel determined that it had no statutory authority to award attorney fees in hearings after remand from this court and that in any event, the "reasonable controversy" test required that plaintiff's claim be denied. Plaintiff contends that this test is not applicable and that § 48-125, which provides that a reasonable attorney fee shall be allowed "in all cases when the employee receives an award," should govern our determination.

With regard to the first basis of the compensation court's holding on this issue, that is, that the statute does not permit it to award attorney fees after remand, we determine that the compensation court's position is not correct. After a cause has been remanded by this court, whether expenses and a fee are to be allowed is to be determined by the nature of the proceeding before the compensation court in the hearing directed to be held on remand. A rehearing before a panel, after remand from this court, is still a rehearing. That is to say, if a workers' compensation case is remanded for a rehearing on an issue as to which this court determined that a proper rehearing had not been held, the hearing held after our remand would be a rehearing in which expenses and attorney fees may be awarded. That is what occurred in this case. The court remanded the cause for a proper rehearing before a panel to determine the amount of physical therapy payments.

As far as the hearing itself, it is clear that after hearing on remand, the panel increased the amount to be paid for plaintiff's physical therapy medical bills. Under § 48-125, plaintiff has obtained "an increase in the amount of such award" if it is considered that payment of a plaintiff's medical bills is a part of his award. We have so held. In *Gourley v. City of Grand Island*, 168 Neb. 538, 541, 96 N.W.2d 309, 312 (1959), quoting *Baade v. Omaha Flour Mills Co.*, 118 Neb. 445, 225 N.W. 117 (1929), we said, " 'Where an employer furnishes medical, surgical, and hospital services to an employee . . . the payments therefor constitute payment of compensation within the meaning of the [Workers' Compensation Act].' " In *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 358 N.W.2d 211 (1984), we treated the payment of medical expenses as a part of

the award.

With regard to the second basis of the compensation court's holding on this issue, that is, that because there was a reasonable controversy as to the amount of the medical bills, no attorney fees would be allowed, we determine that the court was in error on that point.

Section 48-125 provides that attorney fees and expenses are to be awarded in four basic situations: (1) A reasonable fee shall be awarded, both in the compensation court and in this court, when the employer refuses payment, or neglects to pay compensation for 30 days after an employee's injury, and the compensation court later makes an award (this award of fees is authorized in connection with the proviso in the statute that "fifty percent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability"); (2) a reasonable fee shall be awarded when an employer files an application for rehearing before the compensation court from an award of a single judge of that court and does not obtain a reduction in the award; (3) a reasonable fee may be awarded when an employee applies for a rehearing from the order of a single judge denying any award and obtains an award on rehearing; and (4) a reasonable fee may be awarded when an employee applies for a rehearing from an award of a single judge and increases the award on rehearing.

The first of these situations is in connection with the penalty provision providing for a waiting time award of 50 percent for all delinquent payments after 30 days' notice. As set out above, an attorney fee must be awarded in that situation. It is also in this situation where a penalty exists that the concept of "reasonable controversy" has developed in our law, apparently beginning with the case of *Updike Grain Co. v. Swanson*, 104 Neb. 661, 178 N.W. 618 (1920). In the *Updike* case, the phrase "reasonable controversy," as well as "just controversy," was used in determining that the employer need not be subjected to the statutory penalty.

In *Marshall v. Columbus Steel Supply*, 187 Neb. 102, 103, 187 N.W.2d 607, 608 (1971), the compensation court "found no penalty or attorney's fees assessable against defendant because

a reasonable controversy existed." The distinction between penalties awarded and attorney fees awarded began to become blurred. The attorney fees in the *Marshall* case were not awarded because the facts did not support the award of a penalty. Without the existence of the penalty, no attorney fees were awarded—not because there was a reasonable controversy, but because a penalty was not rendered.

The blurring was continued. In *Savage v. Hensel Phelps Constr. Co.*, 208 Neb. 676, 680, 305 N.W.2d 375, 378 (1981), we stated:

> We cannot say that the compensation court's finding that there was a reasonable controversy is without support in the record. That being the case, we are not at liberty to reverse that finding and therefore we affirm the action of the compensation court in denying penalties.
>
> As to the matter of attorney fees, what we have said with regard to the compensation court's refusal to order the payment of a penalty applies to its refusing to order the payment of an attorney fee.

These sentences, unfortunately, may be construed as stating that the reason for denying attorney fees is that there was a reasonable controversy. That is not the case. As the *Savage* case goes on to say, the awarding of attorney fees in compensation cases is purely statutory. *Savage* did not present facts necessary to establish he was entitled to a penalty, and therefore he was not entitled to a statutory attorney fee, which was coupled with a penalty in the law in force at that time.

The concept of the presence of a reasonable controversy is to be applied only to the determination as to whether an employee is entitled to the statutory penalties, not including attorney fees, as set out in § 48-125.

Attorney fees are allowable only pursuant to statutory authorization. *Savage, supra*; *Harrington v. State*, 198 Neb. 4, 251 N.W.2d 653 (1977). Whether there is a reasonable controversy or not has nothing to do with the award of attorney fees in workers' compensation cases, except in cases where an employer has erroneously refused to make payments after having been given 30 days' notice of disability. In every case tried before the compensation court, there is a reasonable

controversy as to some facts before the court. Section 48-125 provides when fees are to be awarded.

In the present case, plaintiff has increased his award on rehearing and therefore may be entitled to a reasonable attorney fee in the compensation court. The plaintiff also may be entitled to a fee in this court.

In view of the facts that the plaintiff received fees in the initial rehearing and in this court in *Behrens I*, and in view of the facts that the plaintiff was only partially successful in his appeal to this court and that the issue at the rehearing on remand was narrow, plaintiff is awarded the sum of $500 for attorney fees in this court. The cause is remanded to the compensation court to determine if an attorney fee should be awarded in that court, and if so, the amount of that fee.

The order of the compensation court denying plaintiff benefits during the time of his refusal to be examined by a doctor of defendants' choice is affirmed. The order of the compensation court denying plaintiff a fee on the rehearing after the remand is reversed, and the cause is remanded on that issue.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.

HASTINGS, C.J., not participating.