RICHARD H. BEHRENS, APPELLANT AND CROSS-APPELLEE, V. AMERICAN STORES PACKING CO. ET AL., APPELLEES AND CROSS-APPELLANTS.

460 N.W.2d 671

Filed September 28, 1990.   No. 89-1449.

T.J. Hallinan, of Cobb, Hallinan & Ehrlich, P.C., for appellant.

David A. Barron, of Cline, Williams, Wright, Johnson & Oldfather, for appellees.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

In this third appearance before us, see *Behrens v. American Stores Packing Co.*, 228 Neb. 18, 421 N.W.2d 12 (1988) (*Behrens I*), and *Behrens v. American Stores Packing Co.*, 234 Neb. 25, 449 N.W.2d 197 (1989), plaintiff-appellant employee, Richard H. Behrens, challenges the Workers' Compensation Court's dismissal of his petition seeking additional recoveries from defendant-appellee employer, American Stores Packing Co., and its insurer, defendant-appellee Kemper Insurance Company. Behrens' assignments of error combine to attack the compensation court's (1) adherence to its Schedule of Medical

Fees in determining the physical therapy charges for which defendants are liable, (2) failure to order defendants to pay for a "Colpac" he purchased, and (3) failure to assess a waiting penalty and attorney fee in his favor. Defendants question Behrens' standing to raise any issues concerning the additional charges his physical therapy provider wishes to assess and, by cross-appeal, assign error to the compensation court's failure to award them an attorney fee. We affirm.

As the result of an accident arising out of and in the course of his employment with American Stores, Behrens, on February 15, 1979, sustained serious injuries to his left knee. *Behrens I.* The parties agree that Behrens requires physical therapy treatments, and further agree that defendants have paid the provider of those services, Lincoln Physical Therapy Associates, the maximum fee which the Workers' Compensation Court Schedule of Medical Fees, effective June 1, 1988, allows for the treatments involved. What is at issue in this regard are those charges the provider wishes to assess which exceed the maximum fee allowed by the schedule. These excess charges amount to $4,064.10.

Neb. Rev. Stat. § 48-120 (Reissue 1988) authorizes the compensation court to establish a schedule of maximum medical fees in the following language:

> The employer shall be liable for all reasonable medical, surgical, and hospital services, including . . . supplies . . . and medicines as and when needed, which are required by the nature of the injury and which will relieve pain or promote and hasten the employee's restoration to health and employment . . . subject to the approval of and regulation by the Nebraska Workers' Compensation Court, not to exceed the regular charge made for such service in similar cases. The compensation court may establish and publish schedules of maximum fees for such services. If the compensation court establishes such a schedule, it shall review such schedule annually and adopt appropriate changes when necessary. The compensation court may contract with any person, firm, corporation, organization, or government agency to secure adequate data to establish such fees. The provider or supplier of

such services shall not collect or attempt to collect from any employer, insurer, government, or injured employee or dependent or the estate of any injured or deceased employee any amount in excess of the maximum fee established by the compensation court for any such service.

Prior to 1986, the compensation court's rule IV provided in part:

The Nebraska Medical Association 1975 Relative Value Study when used in conjunction with a conversion factor of $19 per unit hereby is adopted as a fee schedule to be used as a guide in setting maximum fees for physician's services in Workmen's Compensation Cases.

The compensation court amended the foregoing rule, effective November 18, 1986, to except use of the schedule in determining the reasonableness of physical therapy charges:

The Nebraska Medical Association 1975 Relative Value Study when used in conjunction with a conversion factor of $19 per unit hereby is adopted as a fee schedule to be used as a guide in setting maximum fees for medical services in Workers' Compensation cases except for charges for physical therapy . . . however, such charges shall not exceed the usual and customary charges for such services in the community.

The rule was again amended, effective June 1, 1988, to provide in part:

The Nebraska Workers' Compensation Court Schedule of Medical Fees when used in conjunction with the Instructions, Definitions, Ground Rules and conversion factors set out in such Schedule hereby is adopted as a fee schedule to be used in setting maximum charges for medical services in Workers' Compensation cases; however, such charges shall not exceed the provider's usual and customary charges for such services if the provider's usual and customary charges are less than what the use of the conversion factors would be.

By the time of the decision under review, the compensation court had adopted the 1989 rules which became effective September 1, 1989, but rule IV and the portion of the schedule

involved in this case remained the same.

The various schedules assign unit values to medical procedures and services, dependent on their nature and difficulty, which unit values are then multiplied by a dollar conversion factor to determine the maximum fee allowed for a procedure or service. *Behrens I.* Under both the 1988 and 1989 schedules, the conversion factor for physical therapy is $5.75. The physical therapy sections of each schedule assign unit values to "modalities," which involve the use of "some machine" on the patient, and to "procedure[s]," which involve "hands-on" treatment from the therapist. However, a separate unit value is assigned for each office visit during which both procedures and modalities are undertaken. Code 97200 assigns a unit value of 6.2 to the initial 30 minutes of an "[o]ffice visit, including [the] combination of any modality(ies) and procedure(s)," and code 97201 assigns a unit value of 2.2 as the maximum for any additional time spent during the office visit. The parties agree that because Behrens received in each office visit a combination of modalities and procedures, Behrens fits within both codes. Accordingly, the maximum fee for an office visit lasting between 2 and $2^{1}/_{2}$ hours, the length of Behrens' average visit, is $48.30; that is, 6.2 multiplied by $5.75, or $35.65, plus 2.2 multiplied by $5.75, or $12.65.

The president of Lincoln Physical Therapy Associates, Tom Harmon, testified that the fees charged by his firm are fair, reasonable, usual, and customary within the community. Harmon stated that because of the manner in which the 1988 fee schedule compensates when several physical therapy procedures or modalities are undertaken in 1 day, when his firm must provide extensive services, as is required in treating Behrens, it sustains a loss. Harmon stated that if his firm provided Behrens only such treatments as would be completely compensated under the schedule, the firm would be "withholding good quality care for" Behrens and would not be "giving good treatment."

On another topic, Behrens testified that in January 1988 his therapist recommended that he purchase a coldpack (the Colpac). Behrens stated that he purchased the item at a cost of $13.75 and used it on his knee, but that he was not reimbursed

by defendants. He introduced into evidence an undated receipt for the item. Defendants' representative testified that Behrens submitted the receipt, but, as it was undated, he was not reimbursed for the purchase.

The compensation court determined that defendants had paid the maximum fee allowed by the 1988 schedule for the physical therapy expenses, that Behrens had failed to prove that "said maximum allowance should not apply here," and that, therefore, defendants were not required to pay the amounts charged which exceeded the maximum fee allowed. The court further found that there was no evidence as to when the Colpac was purchased, and, therefore, defendants were not required to reimburse Behrens for that purchase.

Prior to reaching Behrens' concerns, we must consider defendants' preliminary claim that Behrens lacks standing to seek payment for the amounts Lincoln Physical Therapy Associates wishes to charge in excess of the maximum fee allowable under the relevant schedule. In support of this position, defendants refer us to the language in § 48-120 which provides:

> The provider or supplier of such services shall not collect or attempt to collect from any employer, insurer, government, or injured employee or dependent or the estate of any injured or deceased employee any amount in excess of the maximum fee established by the compensation court for any such service.

No question of constitutionality having been raised, defendants argue: "Since the maximum fee has been paid in this case, [Behrens] has no liability to the provider and cannot be required (or even requested, for that matter) to pay any further amount." Brief for appellees at 5-6.

We thus begin by recalling that before a party is entitled to invoke the jurisdiction of a court, he or she must have standing to sue, which involves having some real interest in the cause of action; in other words, in order to have standing to sue, one must have some legal or equitable right, title, or interest in the subject matter of the controversy. *Rexroad, Inc. v. S.I.D. No. 66*, 222 Neb. 618, 386 N.W.2d 433 (1986). Additionally, in order to maintain an action to enforce private rights, the plaintiff

must show that he or she will be benefited by the relief to be granted. *H.H.N.H., Inc. v. Department of Soc. Servs.*, 234 Neb. 363, 451 N.W.2d 374 (1990). See, also, *Reimer v. K N Energy, Inc.*, 223 Neb. 142, 388 N.W.2d 479 (1986) (in order to maintain a cause of action, a party must have a legal interest in the outcome of litigation).

An employee's right to recover the cost of medical services depends upon his or her having paid for the services or having incurred a liability to pay for them. *Spiker v. John Day Co.*, 201 Neb. 503, 270 N.W.2d 300 (1978). Although Behrens agrees that the provider has been paid the maximum fee allowed by the 1988 schedule, he argues that the 1986 version of rule IV (which, as noted earlier, excepted charges for physical therapy from its ambit) applies to the charges made by the provider while that version of the rule was in effect. If Behrens' argument has merit, the provider might be entitled to more than the maximum fee allowed by the 1988 schedule for the services it rendered while the 1986 language of rule IV was in effect and could therefore seek reimbursement from Behrens without violating the proscription in § 48-120. Thus, Behrens has a legal interest in the outcome of this litigation concerning the additional charges Lincoln Physical Therapy Associates wishes to assess for services rendered prior to June 1, 1988, the effective date of the amendments to rule IV and of the 1988 schedule.

Behrens, however, also seeks payment for additional excess amounts the provider wishes to exact for services it rendered after June 1, 1988. Because he alleges that defendants' "refusal to pay said medical expense has resulted in considerable harassment of [him] by credit agencies and creditors," we presume Behrens seeks such payments in order that he may in turn pay the sums over to the provider. However, as defendants argue, § 48-120 prevents the provider from collecting or attempting to collect from Behrens any amount in excess of the maximum established by the compensation court for the services provided to him. Therefore, Behrens has no legal interest in the outcome of this litigation concerning charges in excess of the maximum allowable under the relevant schedule for services the provider rendered after June 1, 1988.

Consequently, he lacks standing to challenge the reasonableness of the fees awarded under the relevant schedule or the reasonableness of the schedule itself.

Having determined that defendants are only partially correct in challenging Behrens' standing with respect to their liability for physical therapy charges, we turn to Behrens' contention that as to the physical therapy treatments he received prior to June 1, 1988, the compensation court should have applied the version of rule IV then in effect. He, however, successfully argued to the contrary in *Behrens I*.

There, the compensation court applied the pre-November 18, 1986, version of rule IV and the pre-1986 schedule to determine the reasonableness of certain medical expenses incurred by Behrens. Behrens appealed that determination, positing that the November 18, 1986, amendment to rule IV, which, as stated earlier, excepted the use of the schedule to determine the reasonableness of physical therapy expenses, was binding on the compensation court at the time of its decision on January 12, 1987. We agreed, reasoning:

> In *Allen [v. IBP, Inc.*, 219 Neb. 424, 363 N.W.2d 520 (1985)], we said that where there has been an amendment to a statute which was a procedural change and not a substantive change, upon the effective date of the amendment, it was binding upon a tribunal, and the date of the tribunal's judgment or award was the critical time, not the date of its hearing.
>
> From an examination of rule IV and its purposes, we determine that the [relative value study] chart was nothing more than a tool, guide, method, or aid for the court in evaluating all of the evidence in arriving at the reasonableness of the claimed medical expenses, an existing right. Rule IV originally and as amended was procedural only, not substantive. Rule IV as amended November 16, 1986 . . . excepting charges for physical therapy, was binding on the panel upon adoption, and it was obligated to disregard the [relative value study] chart at the time the court made and filed its order on January 12, 1987. It was error for the court to either consider or apply rule IV and the [relative value study] chart when

assessing the reasonableness of the physical therapy expenses.

*Behrens I* at 25, 421 N.W.2d at 17.

Thus, in *Behrens I* we held that rule IV is one of procedure only and that any amendments are immediately binding upon the compensation court. Under the holding in *Behrens I*, the compensation court, which, on November 17, 1989, issued the order presently before us, was bound by the version of rule IV in effect as of September 1, 1989, which version, as relevant here, is identical to the 1988 version which the compensation court applied. Therefore, the compensation court erred in applying the 1988 version of rule IV rather than the 1989 version, but because the two versions, to the extent they are relevant to this case, are identical, Behrens was not prejudiced. Consequently, Behrens' first summarized assignment of error fails.

The next summarized assignment of error challenges the compensation court's failure to order defendants to reimburse him the cost of the Colpac. Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 1988), findings of fact by the Workers' Compensation Court have the effect of a verdict in a civil case, and its judgment may not be set aside on appeal where there is evidence sufficient to support it; however, findings made by the compensation court which are not supported by credible evidence and are clearly wrong will be set aside. *Luehring v. Tibbs Constr. Co.*, 235 Neb. 883, 457 N.W.2d 815 (1990). In testing the sufficiency of the evidence to support the findings of fact made by the Workers' Compensation Court, the evidence must be considered in the light most favorable to the successful party. *Canas v. Maryland Cas. Co., ante* p. 164, 459 N.W.2d 533 (1990). As the trier of fact, the compensation court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Canas v. Maryland Cas. Co., supra.*

While it is true Behrens testified he purchased the Colpac in January 1988 upon the recommendation of his physical therapist, the compensation court was not obligated, particularly in the face of an undated receipt, to find the sequence of events in fact occurred in the order Behrens recalled it. Accordingly, it cannot be said the compensation court's

finding in this regard is clearly wrong. The second summarized assignment of error is therefore without merit.

In view of the resolution of the first and second summarized assignments of error, the waiting penalty and attorney fee issues presented in the third summarized assignment of error, under the provisions of Neb. Rev. Stat. § 48-125(1) (Reissue 1988), do not arise.

Left for consideration is defendants' cross-appeal for an attorney fee, the resolution of which is controlled by Neb. Rev. Stat. § 25-824 (Reissue 1989). That statute provides, in pertinent part:

> (2) Except as provided in subsections (5) and (6) of this section, in any civil action commenced or appealed in any court of record in this state, the court shall award as part of its judgment and in addition to any other costs otherwise assessed reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith.
>
> . . . .
>
> (4) The court shall assess attorney's fees and costs if, upon the motion of any party or the court itself, the court finds that an attorney or party brought or defended an action or any part of an action that was frivolous or that the action or any part of the action was interposed solely for delay or harassment.

The term "frivolous," as used in § 25-824(2), connotes an improper motive or a legal position so wholly without merit as to be ridiculous. See, *Peterson v. Don Peterson & Assoc. Ins. Agency*, 234 Neb. 651, 452 N.W.2d 517 (1990); *Lutheran Medical Center v. City of Omaha*, 229 Neb. 802, 429 N.W.2d 347 (1988). There is no evidence of improper motive, nor can we say that Behrens' legal position was so lacking in merit as to be ridiculous.

Accordingly, the judgment of the compensation court is affirmed.

AFFIRMED.

HASTINGS, C.J., not participating.

CAPORALE, J., dissenting in part.

While I agree with the majority's disposition of Behrens' appeal, I disagree with its adjudication of defendants' cross-appeal.

The minor dispute concerning the Colpac presents a credibility issue, a matter which this court does not review. The remaining dispute concerning the physical therapy treatments separates into two parts. Behrens has no standing to complain as to one part and as to the remaining part seeks to overturn the very interpretation he, through his attorney, established in *Behrens I*. I fail to understand how under those circumstances it can be said that the legal positions asserted are not so lacking in merit as to be ridiculous and that this litigation is not frivolous. Neither do I understand how Behrens' attorney could reasonably have concluded otherwise.

Accordingly, I would award defendants an attorney fee in the sum of $500 against Behrens' attorney to apply toward the services of their attorneys in this court and remand the cause to the compensation court for the assessment of an attorney fee against Behrens' attorney to apply toward the services of defendants' attorneys in that court.