FLORENCE E. NORDBY, APPELLANT AND CROSS-APPELLEE, v. GOULD, INC., A DELAWARE CORPORATION, APPELLEE AND CROSS-APPELLANT.

329 N.W.2d 118

Filed January 21, 1983. No. 82-092.

Herbert J. Friedman of the Friedman Law Offices, for appellant.

Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

BOSLAUGH, CLINTON, and HASTINGS, JJ., and CAMBRIDGE, D.J., and COLWELL, D.J., Retired.

PER CURIAM.

In this appeal the plaintiff-appellant, Florence E. Nordby, challenges the award on rehearing of the Nebraska Workmen's Compensation Court which awarded plaintiff, among other benefits, a permanent partial disability of her right arm. Plaintiff argues that she suffers a disability of her body as a whole and should have been compensated accordingly. The defendant-appellee, Gould, Inc., cross-appeals, claiming that plaintiff failed to prove a causal connection between the accident arising out of and in the course of her employment and any disability. We affirm the award of the compensation court and dismiss defendant's cross-appeal.

The plaintiff is a 56-year-old married lady with an eighth grade education who has worked as a manual laborer throughout her employment life. She has been employed by the defendant since 1972, and on the date in question worked as an assembler of small metal pieces. While so employed, on February 4, 1980, she slipped and fell, during the course of which, according to the treating orthopedic surgeon, she struck her right elbow, jammed her right shoulder, and landed on her back. Plaintiff testified that during the fall she struck her elbow, shoulder, head, and back.

Subsequent surgery revealed that the fall caused inflammation and degeneration of the right rotator cuff (shoulder muscle), together with fraying and degeneration of the right bicipital tendon. In the orthopedist's opinion these conditions have produced a 15-percent permanent partial disability of plain-

tiff's right shoulder, a 9-percent permanent partial disability of her body as a whole, secondary to the shoulder problem, limiting plaintiff's ability to use her right arm. Tests performed at the request of a private rehabilitation counselor testifying for the plaintiff tended to support the surgeon's opinion that the impairments limit plaintiff's ability to use her right arm. In the opinion of the rehabilitation counselor, plaintiff is now unemployable. Plaintiff testified she experiences shoulder pain and cannot use her right arm for activities such as lifting, reaching, writing, pushing her vacuum sweeper, or playing yard darts. In sum, she testified she has limited use of her right arm and cannot control her right hand. She testified she has no problems with her neck, back, legs, or left arm but lacks confidence in walking because she feels she cannot control her balance as she cannot use her right arm and hand to steady herself.

The statutory scheme found in Neb. Rev. Stat. § 48-121 (Reissue 1978) compensates impairments of the body as a whole in terms of employability and loss of earning capacity but compensates impairments of scheduled members on the basis of loss of physical function. *Goers v. Bud Irons Excavating,* 207 Neb. 579, 300 N.W.2d 29 (1980); *Scamperino v. Federal Envelope Co.,* 205 Neb. 508, 288 N.W.2d 477 (1980); *Jeffers v. Pappas Trucking, Inc.,* 198 Neb. 379, 253 N.W.2d 30 (1977).

The question presented is whether plaintiff's impairment is to her right arm or to her body as a whole. In one sense an impairment of any part of the body is necessarily, to some extent, an impairment of the whole body. The statute, § 48-121, however, requires that we distinguish between scheduled member impairments and nonscheduled body as a whole impairments.

We resolved the means of making the distinction in *Jeffers v. Pappas Trucking, Inc., supra,* wherein the question was whether a hip injury resulted in a

leg or body as a whole disability. We determined the test was not the situs of the injury but, rather, the location of the residual impairment. Since the plaintiff in *Jeffers* not only walked with a limp but also had disabling pain at his beltline and back, we concluded the disability was to the body as a whole. In the instant case, however, the evidence supports a factual finding, inherent in the compensation court's award, that plaintiff's disability is limited to the loss of use of her right arm. That finding of fact has the same force and effect as a jury verdict in a civil case and, being supported by the evidence, will not be disturbed here unless clearly wrong. *Negrete v. Western Electric Co., Inc.,* 212 Neb. 876, 326 N.W.2d 681 (1982); *Goers v. Bud Irons Excavating, supra.* See, also, *Scamperino v. Federal Envelope Co., supra,* wherein we held the evidence supported a finding that a fracture to the right leg which healed with such a deformity as to affect the hip and rest of the body produced a disability of the body as a whole. In this case there is no finding of the development of such unusual and extraordinary conditions which affected the body as a whole.

The defendant is indeed correct in arguing that the plaintiff bears the burden of establishing a causal relationship between the accident and any disability. *Negrete v. Western Electric Co., Inc., supra.* However, defendant errs in relying on *Husted v. Peter Kiewit & Sons Constr. Co.,* 210 Neb. 109, 313 N.W.2d 248 (1981). The testimony in *Husted* that it was "more likely" than not that the event in question caused the disability was held to be inadequate to establish the element of causation. In the instant case, however, there is no doubt that in the treating orthopedist's opinion the fall caused the disability in question. Defendant's cross-appeal is without merit and is dismissed.

The award of the Nebraska Workmen's Compensation Court on rehearing is affirmed.

AFFIRMED.

CLINTON, J., not participating.