JOHN HERNANDEZ, APPELLEE, V. FARMLAND FOODS, INC., AND AETNA CASUALTY AND SURETY COMPANY, APPELLANTS.
418 N.W.2d 765

Filed February 12, 1988.   No. 87-342.

Richard R. Endacott of Knudsen, Berkheimer, Richardson & Endacott, for appellants.

Thomas F. Dowd of Dowd, Fahey, Dinsmore & Hasiak, for appellee.

630

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired. .

GRANT, J.

Plaintiff-appellee, John Hernandez, was employed as a boner at a hog-processing plant owned by defendant Farmland Foods, Inc. Defendant Aetna Casualty and Surety Company is Farmland's insurance carrier. Plaintiff was injured while at work on March 5, 1980. As a result of this accident plaintiff missed 2 days of work in March 1980 and did not work from May 13, 1981, to May 19, 1982. Plaintiff returned to work on May 20, 1982, wearing a back brace, and worked off and on until September 7, 1982. He missed approximately 7 weeks of work during that time on account of back, shoulder, and rib injuries. On September 10, 1982, surgery was performed on plaintiff's right shoulder. Plaintiff has not worked since that time.

On January 14, 1983, plaintiff filed an action in the Workers' Compensation Court. On August 3, 1983, on rehearing, that court found plaintiff was temporarily totally disabled and would remain so for an indefinite future time and that plaintiff was entitled to such vocational rehabilitation services as were necessary to restore him to suitable employment. No appeal was taken from this order.

On January 27, 1984, a counselor in the division of rehabilitation services of the Nebraska Department of Education summarized plaintiff's physical and academic limitations:

[B]ased on the fact that John [plaintiff] has little if any transferable skills, and the fact that a formal training program would seem to be unfeasible for John based on his abilities academic-wise, it would appear as though competitive employment with another company or place of business would not be appropriate at this time.

Plaintiff was 49 years old at this time and had a seventh grade education. After this report, plaintiff sought no further vocational rehabilitation.

On June 18, 1986, defendants filed a petition for modification alleging that "Plaintiff's doctors have now given

their opinion that the Plaintiff should have vocational rehabilitation" and praying that "the Court order that the Plaintiff is a candidate for vocational rehabilitation and that the Plaintiff is to cooperate in a vocational rehabilitation program."

After the denial of defendants' modification petition, the petition came on for rehearing before the compensation court, and on March 23, 1987, the court found: "The weight of the evidence clearly favors the conclusions that (1) no substantial prospect exists at this time that the plaintiff can be successfully rehabilitated vocationally and (2) until such time as plaintiff's condition improves significantly, it would be futile for him to undertake vocational retraining." The court dismissed defendants' petition for modification. Defendants timely appealed.

In this court, defendants, in their three assignments of error, contend that the evidence does not support the order of the compensation court. We affirm.

At the rehearing, the January 27, 1984, report of the counselor of the state division of rehabilitation services, referred to above, was received in evidence without objection. That report stated:

> It appears, from the vocational evaluation and the medical reports, that John is definitely physically limited and that he should avoid prolonged standing, excessive bending, stooping, crouching or twisting. Our medical consultant felt that he should not be lifting continually things over 20 pounds. Also, excessive reaching, pulling, shoving or jerking or any type of pushing with his right shoulder would cause John problems. In taking a look at his transferable skills, it doesn't appear at this point that John has any, due to the nature of the kind of work he has done in the past. The college qualification test that was given to John, as well as the Able III test and the GATB test would all indicate that further schooling for John would not be feasible. John probably would not be able to pass the entrance exam to consider further schooling, even at a community college level. Therefore, based on the fact that John has little if any transferable skills, and the fact

that a formal training program would seem to be unfeasible for John based on his abilities academic-wise, it would appear as though competitive employment with another company or place of business would not be appropriate at this time.

In their reply brief at 4, defendants state, "If the component of 'pain' and its limiting effect is deleted from the plaintiff's physical condition in 1983, it is true that the plaintiff's physical limitations between 1983 and 1987 are the same."

We first note that, in a review of a workers' compensation case, the findings of fact by the Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Bender v. Norfolk Iron & Metal Co.*, 224 Neb. 706, 400 N.W.2d 859 (1987). Whether an injured worker is entitled to vocational rehabilitation is ordinarily a question of fact to be determined by the Workers' Compensation Court. *Hewson v. Stevenson*, 225 Neb. 254, 404 N.W.2d 35 (1987). The right of an injured worker to vocational rehabilitation depends upon his inability to perform work for which he has previous training and experience. *Smith v. Hastings Irr. Pipe Co.*, 222 Neb. 663, 386 N.W.2d 9 (1986).

Without regard to the pain aspect, defendants admit that the medical evidence presented in 1987 at the rehearing on defendants' petition to modify is, in effect, the same as that presented which supported the compensation court's findings in 1983. That evidence sets out plaintiff's physical limitations and supported the compensation court's 1983 findings. Defendants did not appeal from that 1983 order.

With regard to the aspect of pain, plaintiff testified that the pain still existed at the time of the 1987 rehearing, although other evidence indicates it was not to the same extent as in 1983. The testimony presented at the 1987 rehearing on behalf of plaintiff, if believed, fully supports the findings of the compensation court. The judgment is affirmed.

Plaintiff is awarded the sum of $1,500 for the services of his attorney in this court.

AFFIRMED.