DAVID J. SNYDER, APPELLANT, V. IBP, INC., APPELLEE.

426 N.W.2d 261

Filed July 15, 1988.   No. 87-682.

Paul W. Deck, of Deck & Deck, for appellant.

Wayne E. Boyd, of Smith & Boyd, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding under the Workers' Compensation Act.

The plaintiff, David J. Snyder, injured his right shoulder on December 27, 1983, as the result of an accident arising out of and in the course of his employment by the defendant, IBP, inc. The plaintiff recovered an award for compensation for temporary total disability for 22 weeks, which was affirmed by this court in *Snyder v. IBP, Inc.*, 222 Neb. 534, 385 N.W.2d 424 (1986). In that proceeding the compensation court found that the plaintiff had failed to prove that he had sustained any disability after June 10, 1984.

On June 26, 1986, the plaintiff filed a petition in the compensation court seeking a modification of the previous award. The petition alleged there had been an increase in the incapacity of the plaintiff due solely to the injury of December 27, 1983, and that the plaintiff now has an anterior subluxation of the shoulder and a degenerative change in the cartilaginous surface of the glenoid and contiguous humeral head, resulting in total disability. The petition further alleged that the plaintiff will require surgery and additional medical services. The defendant's answer alleged that the increase in disability, if any, was not due solely to the injury of December 27, 1983, and that under Neb. Rev. Stat. §§ 48-140 and 48-141 (Reissue 1984), the award was not subject to modification.

After a hearing before a single judge, the compensation court found that the award was not subject to modification. At the rehearing before a three-judge panel, an expert witness for the plaintiff testified by deposition that the plaintiff now has a 25-percent disability of his right upper extremity as a result of the injury to his shoulder on December 27, 1983. The compensation court, however, again found that the award was not subject to modification and dismissed the petition. The

plaintiff has appealed.

In this court the plaintiff contends that the compensation court erred in finding that the award was not subject to modification and that §§ 48-140 and 48-141 were not unconstitutional.

Sections 48-140 and 48-141 provide in relevant part as follows:

> All settlements by agreement of the parties with the approval of the compensation court and *all awards of compensation made by the court, except those amounts payable periodically for six months or more, shall be final and not subject to readjustment* . . . .

(Emphasis supplied.) § 48-140.

> All amounts paid by an employer or by an insurance company carrying such risk, as the case may be, and received by the employee or his dependents, by lump-sum payments, shall be final, *but the amount of any agreement or award payable periodically for six months or more* may be modified as follows . . . .

(Emphasis supplied.) § 48-141.

By providing that only awards of compensation which are payable periodically for 6 months or more are subject to modification, the statutes divide awards into two classes. Awards which are payable over a period of less than 6 months are not subject to modification.

The plaintiff contends that the classification made by the statutes is invalid because it is arbitrary and unreasonable and lacking in any rational basis. The plaintiff argues that the classification violates both U.S. Const. amend. XIV and Neb. Const. art. III, § 18.

The function of the equal protection clause of the 14th amendment is to measure the validity of classifications created by state laws. *Parker v. Roth*, 202 Neb. 850, 278 N.W.2d 106 (1979). Equal protection does not require that all persons be dealt with identically, but it does require that the distinction have some relevance to the purpose for which the classification is made. *Parker v. Roth, supra.*

The issue is whether the distinction is "founded upon a reasonable distinction, or difference in state policy, or if any

state of facts can reasonably be conceived which would sustain the classification." *Farm Bureau Life Ins. Co. v. Luebbe*, 218 Neb. 694, 700-01, 358 N.W.2d 754, 759 (1984).

Although the power of classification rests with the Legislature, a statute which makes an artificial and baseless classification violates Neb. Const. art. III, § 18. *State ex rel. Douglas v. Nebraska Mortgage Finance Fund*, 204 Neb. 445, 283 N.W.2d 12 (1979). The Legislature may make a reasonable classification of persons, corporations, and property for the purpose of legislation concerning them, but the classification must rest upon real differences of situations and circumstances surrounding the members of the class relative to the subject of the legislation which render appropriate its enactment. *Prendergast v. Nelson*, 199 Neb. 97, 256 N.W.2d 657 (1977). To be valid, a classification must rest on some reason of public policy, some substantial difference of situation or circumstance that would naturally suggest the justice or expediency of diverse legislation with respect to the objects to be classified. A legislative classification must operate uniformly on all within a class which is reasonable. Exemptions may be allowed where they are made applicable to all persons of the same class similarly situated. *Casey's Gen. Stores v. Nebraska Liq. Cont. Comm.*, 220 Neb. 242, 369 N.W.2d 85 (1985).

We are unable to discern any reasonable basis for denying injured workers the right to a modification of an award of compensation merely because the award is payable periodically over a period of less than 6 months. The defendant has offered no explanation or justification for the discriminatory classification made by the statutes.

In 3 A. Larson, The Law of Workmen's Compensation § 81.10 at 15-128 and 15-129 (1983), the author states:

In all states, some kind of provision is made for reopening and modifying awards. This provision is a recognition of the obvious fact that, no matter how competent a commission's diagnosis of claimant's condition and earning prospects at the time of hearing may be, that condition may later change markedly for the worse, or may improve, or may even clear up altogether. Under the typical award in the form of periodic payments

during a specified maximum period or during disability, the objectives of the legislation are best accomplished if the commission can increase, decrease, revive, or terminate payments to correspond to claimant's changed condition. Theoretically, then, commissions ought to exercise perpetual and unlimited jurisdiction to reopen cases as often as necessary to make benefits meet current conditions. But the administrative and practical difficulties of such a course have led to severe limitations on the power to reopen and alter awards. The most serious administrative problem lies in the necessity of preserving the full case records of all claimants that have ever received any kind of award, against the possibility of a future reopening. Moreover, any attempt to reopen a case based on an injury ten or fifteen years old must necessarily encounter awkward problems of proof, because of the long delay and the difficulty of determining the relationship between some ancient injury and a present aggravated disability.

The problem of a time limit to bar proceedings to reopen ancient awards is solved largely by the statute of limitations applicable to proceedings to modify an award. In *Peek v. Ayers Auto Supply*, 157 Neb. 363, 59 N.W.2d 564 (1953), we held that such a proceeding must be brought within 1 year from the time the employee knows or is chargeable with knowledge that his condition has materially changed.

In *Landreneau v. Liberty Mutual Insurance Company*, 309 So. 2d 283 (La. 1975), the Louisiana Supreme Court overruled a line of cases where, relying on a similar statute with a 6-month limitation, the court had prevented reopening of a workers' compensation case for modification. Citing Professor Malone's treatise on workmen's compensation, the court said:

"If, then, the original award was for a period of less than six months, and the judgment has been fully paid when the time comes when a modification is available, is the right to modification lost? There would seem to be little reason why it should be. The purpose of the statute is to insure that the employee will be paid compensation during the full period of his disability and that the employer will not

be required to pay for any longer than this period of disability. . . . The discretion vested in the court to estimate the probable duration of disability and to fix an arbitrary number of weeks is given to the court for mere administrative convenience and to avoid undue hardship on the employer in cases where it is estimated that the period of disability will not exceed six months. It seems highly doubtful to this writer that it was ever intended to empower the court to so act in advance as to deprive the worker of his usual privilege of seeking a modification whenever his condition has changed. Yet this was the conclusion reached by the Supreme Court in Lacy v. Employers Mut. Liability Ins. Co. of Wisconsin recently. The court expressed the opinion that the statute envisions that the judgment for compensation must be extant at the time the application for modification is made. The court did not seem to be impressed by the fact that the entire compensation scheme instigated by the Legislature even more strongly envisions that compensation payments shall be made during the entire period of disability so long as the maximum period is not exceeded, and the statute contemplates that necessary adjustments should be made after judgment to that end. If a court-administered system is to fulfill successfully a function performed elsewhere through a compensation commission with a continuing supervisory jurisdiction, the statute must be so interpreted as to empower the court to carry out the purpose of this statute. The act should not be so interpreted as to defeat its obvious main purpose—compensation so long as the worker is disabled, but no longer." (1964 Supplement, § 281, pp. 57, 58).

309 So. 2d at 285.

We think it is apparent that there is no rational basis for the classification made by the statutes, and the provisions prohibiting modification of awards payable periodically for less than 6 months are invalid. We also believe the invalid provisions are severable. The valid portions of the act can be enforced independently, and the invalid portions did not constitute an inducement to passage of the act as a whole. See,

*State ex rel. Douglas v. Sporhase*, 213 Neb. 484, 329 N.W.2d 855 (1983); *Ewing v. Scotts Bluff Cty. Bd. of Equal.*, 227 Neb. 798, 420 N.W.2d 685 (1988).

Since the compensation court did not consider the issue of the plaintiff's right to modification of the award on its merits, the cause must be remanded to that court for further proceedings.

The judgment of the compensation court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.