ALAN P. BRAZEE, APPELLEE, V. CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT.

452 N.W.2d 529

Filed March 9, 1990. No. 89-014.

James D. Faimon, Assistant Lincoln City Attorney, for appellant.

Dennis P. Crawford, of Friedman Law Offices, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is an appeal by the City of Lincoln from an order of the Nebraska Workers' Compensation Court awarding the city's employee appellee, Alan P. Brazee, benefits, including compensation for medical expenses incurred and to be incurred and for a 7-percent permanent partial disability for 300 weeks.

The city initially paid some of Brazee's medical expenses pursuant to his claim for workers' compensation benefits, but then refused to continue to pay. Brazee petitioned the Nebraska Workers' Compensation Court and received an award based upon a 5-percent permanent partial disability. The city refused to accept the award and appealed. Brazee's claim was reheard by a three-judge panel of the compensation court. The panel made a finding of a 7-percent permanent partial disability and granted a corresponding award. The City of Lincoln timely appealed.

The city's three assignments of error in this court may be summarized as one: The evidence before the panel was not sufficient to support the award. We affirm.

Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 1988), "[t]he findings of fact made by the compensation court after rehearing shall have the same force and effect as a jury verdict in a civil case" and will not be set aside unless clearly wrong. *Behrens v. American Stores Packing Co., ante* p. 25, 449 N.W.2d 197 (1989). As the trier of fact, the Workers' Compensation Court is the sole judge of the credibility of witnesses and the weight to be given to their testimony. *Fees v. Rivett Lumber Co.,* 228 Neb. 617, 423 N.W.2d 483 (1988). "In testing the sufficiency of evidence to support findings of fact made by the Nebraska Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party." *Fees, supra* at 620, 423 N.W.2d at 486.

The record, in the light most favorable to Brazee, shows the following. On February 3, 1986, Brazee was injured while lifting a traffic barricade during the course of his employment

with the City of Lincoln. As he and another man attempted to lift the barricade, Brazee heard a "pop" in his back and felt a pain go down his left leg. He remained at work, but informed his supervisor of the injury and saw a chiropractor that evening. He continued to work with pain, but the pain caused him emotional difficulties.

The neurologist who examined and treated Brazee testified that Brazee suffered from low back and left hip pain secondary to a muscle strain and probable ligamentous stretch injury and that, to a reasonable degree of medical certainty, the injury was caused by the lifting on February 3, 1986, and as a result Brazee suffered a 7-percent permanent partial disability to the whole body. This conclusion was based upon the history given by Brazee to his doctor. There was no objective visual evidence of injury, such as from x rays, other imaging, or examination conducted on Brazee. The neurologist testified that medical diagnoses and other conclusions are commonly based upon the history given by the patient and that the information provided by Brazee in this case is consistent with the above conclusions.

The city contends that the evidence is insufficient to support the finding of the compensation court because there was no objective visual evidence of Brazee's injury, such as from x rays, other imaging, or examination. We note that the findings of the compensation court in this case comply with our rule:

> "Unless the character of an injury is objective, that is, an injury's nature and effect are plainly apparent, an injury is a subjective condition, requiring an opinion by an expert to establish the causal relationship between an incident and the injury as well as any claimed disability consequent to such injury." . . .

> "Determination of causation is, ordinarily, a matter for the trier of fact."

(Citations omitted.) *Fees, supra* at 621, 423 N.W.2d at 486. The neurologist in this case was an expert who confirmed the causal relationship between the incident occurring when Brazee lifted a barricade on February 3, 1986, and the injury for which he seeks compensation. The expert's opinion is based upon evidence deemed credible by the compensation court. The argument of the city that the lack of visual evidence of the

injury proves the injury's nonexistence is without merit.

The judgment of the panel of the Workers' Compensation Court is affirmed. Because the appellant employer, City of Lincoln, did not reduce the amount of the worker's award on this appeal, Brazee is awarded the sum of $750 for the services of his attorney in this court.

AFFIRMED.