DAVID J. SNYDER, APPELLANT, V. IBP, INC., APPELLEE.

455 N.W.2d 157

Filed May 11, 1990.    No. 89-489.

Paul W. Deck, of Deck & Deck, for appellant.

Wayne E. Boyd for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The plaintiff, David J. Snyder, injured his right shoulder on December 27, 1983, as a result of an accident arising out of and in the course of his employment by the defendant, IBP, inc. On January 16, 1985, he recovered an award for compensation for

temporary total disability for 22 weeks, which award was affirmed in *Snyder v. IBP, Inc.*, 222 Neb. 534, 385 N.W.2d 424 (1986) (*Snyder I*).

On June 26, 1986, the plaintiff filed a petition for modification in the compensation court, alleging that he sustained an increase of incapacity due solely to the injury of December 27, 1983. A three-judge panel of the compensation court dismissed the petition for modification on June 25, 1987. That judgment was reversed in *Snyder v. IBP, inc.*, 229 Neb. 224, 426 N.W.2d 261 (1988), and the cause remanded for further proceedings.

A rehearing on remand was held on October 13, 1988. The compensation court found that subsequent to the January 16, 1985, award on rehearing, the plaintiff suffered an increase in incapacity due solely to the December 27, 1983, injury, equating to a 10-percent permanent loss of the use of his right arm. The compensation court found that as a result of the increase in incapacity, the plaintiff was entitled to further compensation benefits of $184 per week for 22.5 weeks and ordered the defendant to pay a total of $2,083 of specified hospital and medical expenses, but declined to award the plaintiff an attorney fee.

The plaintiff has appealed, contending the April 13, 1989, modification of award was inadequate in light of the evidence presented and that the compensation court erred in failing to award him an attorney fee.

## I. Adequacy of Award

In determining whether the evidence is sufficient to support an award by the compensation court, the evidence must be considered in the light most favorable to the successful party. The findings of fact made by the compensation court after rehearing will not be set aside unless clearly wrong. *Brazee v. City of Lincoln*, 234 Neb. 680, 452 N.W.2d 529 (1990); *Briggs v. Consolidated Freightways*, 234 Neb. 410, 451 N.W.2d 278 (1990); *Behrens v. American Stores Packing Co.*, 234 Neb. 25, 449 N.W.2d 197 (1989). See, also, Neb. Rev. Stat. § 48-185 (Reissue 1988).

The plaintiff first contends that he is entitled to

compensation for an injury to the body as a whole, rather than for partial loss of use of his right arm. Under Neb. Rev. Stat. § 48-121 (Reissue 1988), impairments to the body as a whole are compensated in terms of loss of earning power or capacity, but impairments of scheduled members are compensated on the basis of loss of physical function. *Nordby v. Gould, Inc.*, 213 Neb. 372, 329 N.W.2d 118 (1983); *Snyder I, supra*. The test for determining whether a disability is to a scheduled member or to the body as a whole is the location of the residual impairment, not the situs of the injury. *Nordby v. Gould, Inc., supra*; *Jeffers v. Pappas Trucking, Inc.*, 198 Neb. 379, 253 N.W.2d 30 (1977).

In support of his contention that he suffered an injury to the body as a whole, the plaintiff emphasizes certain testimony relating to headaches, neck pain, and the proximity of the situs of the injury to the trunk of the body. Considering the evidence in the light most favorable to the successful party, however, the record supports the finding of the compensation court that the location of the residual impairment was the plaintiff's right upper extremity.

Dr. Dougherty, the defendant's expert witness, examined the plaintiff in January 1984 and again on February 19, 1987. Dr. Dougherty was of the opinion that the plaintiff suffered a 10- to 15-percent permanent partial disability of the right upper extremity, involving the use of the arm and shoulder. Dr. Dougherty testified that the plaintiff had no disability related to the trunk of the body and that the plaintiff's disability was limited to the use of his right arm.

The plaintiff's treating physician, Dr. Mumford, testified that although he could extrapolate the shoulder injury to the body as a whole, he did not have any opinion about trunk involvement. Noting that the collarbone and shoulder blade attach to the trunk of the body, Dr. Mumford stated, "It would be a semantic deal as to whether they are part of the body or part of the shoulder or part of the arm." Dr. Mumford also testified that as a result of the shoulder injury, the plaintiff cannot use his arm.

The record supports the finding that the plaintiff's injury is permanent in nature. We have said that when a worker has reached maximum recovery, the remaining disability is

permanent. *Gardner v. Beatrice Foods Co.*, 231 Neb. 464, 436 N.W.2d 542 (1989); *Aldrich v. ASARCO, Inc.*, 221 Neb. 126, 375 N.W.2d 150 (1985). On this point, the plaintiff testified that he had never recovered from the shoulder injury of December 27, 1983, and that the shoulder had gotten worse. Arthroscopic surgery in April 1984 and February 1986 did not alleviate the plaintiff's discomfort. Both physicians stated that the plaintiff's shoulder had degenerated. Dr. Mumford testified that the plaintiff's condition would not improve and might get worse and that it was questionable whether the plaintiff would benefit from another surgical procedure.

The next issue to be considered is the degree of disability found by the compensation court. As stated above, Dr. Dougherty's opinion was that the plaintiff suffered a 10- to 15-percent permanent partial disability of the right upper extremity. Dr. Mumford assessed the plaintiff's level of impairment at 30 percent disability of the shoulder on July 5, 1985; 15 percent on December 13, 1985; and 15 percent on January 8, 1986. On April 29, 1987, Dr. Mumford testified that the plaintiff suffered a total of 25 percent permanent partial disability to the right upper extremity. The record contains subsequent correspondence from Dr. Mumford stating that the disability of the plaintiff's upper extremity had increased an additional 5 percent, and that the disability was due to the accident of December 27, 1983. The record also contains evidence that the plaintiff's muscles had not atrophied, that he had suffered no nerve damage, and that he was using the arm.

Where the evidence is in conflict, the compensation court may find a percentage of disability within the range of the testimony. *Mulder v. Minnesota Mining & Mfg. Co.*, 219 Neb. 241, 361 N.W.2d 572 (1985). Section 48-121(3) provides that for disability resulting from permanent schedule injuries, the compensation "shall be in addition to the amount paid for temporary disability . . . ." The findings by the compensation court that the plaintiff suffered a 10-percent permanent loss of the use of his right arm and that the plaintiff suffered an increase in incapacity are not clearly wrong. The plaintiff's assignment of error is without merit.

## II. Attorney Fees

The April 13, 1989, order of the compensation court states:

The Court declines to award an attorney's fee for the rehearing because it considers that a reasonable controversy existed regarding:

(1) The unconstitutionality of the six months provisions of Sections 48-140 and 48-141, and;

(2) Whether the plaintiff had shown with requisite medical certainty or probability that he suffered an increase in incapacity due solely to the injury of December 27, 1983. In that connection, the medical report finally supplying the requisite certainty . . . was not submitted to the Court until December 23, 1988, which was subsequent even to the further rehearing.

The plaintiff contends that he was entitled to an attorney fee pursuant to Neb. Rev. Stat. § 48-125 (Reissue 1988) and, in the alternative, that a part of § 48-125 is unconstitutional.

We decline to consider the plaintiff's constitutional arguments because they were not raised in the compensation court. A constitutional issue not presented to or passed upon by the trial court is not appropriate for consideration on appeal. *Gardner v. Beatrice Foods Co., supra.* Also, since we determine that the plaintiff is entitled to recover an attorney fee for the rehearing after remand, the plaintiff lacks standing to challenge the statute.

In *Behrens v. American Stores Packing Co.*, 234 Neb. 25, 31, 449 N.W.2d 197, 201 (1989), we noted that § 48-125 provides for an award of attorney fees and expenses in four types of situations:

(1) A reasonable fee shall be awarded, both in the compensation court and in this court, when the employer refuses payment, or neglects to pay compensation for 30 days after an employee's injury, and the compensation court later makes an award . . . (2) a reasonable fee shall be awarded when an employer files an application for rehearing before the compensation court from an award of a single judge of that court and does not obtain a reduction in the award; (3) a reasonable fee may be awarded when an employee applies for a rehearing from

the order of a single judge denying any award and obtains an award on rehearing; and (4) a reasonable fee may be awarded when an employee applies for a rehearing from an award of a single judge and increases the award on rehearing.

We held in *Behrens v. American Stores Packing Co., supra,* that when a workers' compensation case is remanded for a rehearing on an issue as to which this court has determined that a proper rehearing has not been held, the hearing held after remand is a rehearing in which expenses and attorney fees may be awarded pursuant to § 48-125.

We further held:

The concept of the presence of a reasonable controversy is to be applied only to the determination as to whether an employee is entitled to the statutory penalties, not including attorney fees, as set out in § 48-125.

. . . Whether there is a reasonable controversy or not has nothing to do with the award of attorney fees in workers' compensation cases, except in cases where an employer has erroneously refused to make payments after having been given 30 days' notice of disability. In every case tried before the compensation court, there is a reasonable controversy as to some facts before the court. Section 48-125 provides when fees are to be awarded.

*Behrens, supra* at 32-33, 449 N.W.2d at 201-02.

In light of our holding in *Behrens*, the compensation court erred in declining to award an attorney fee for the rehearing on the ground that reasonable controversies existed.

The record shows that the plaintiff's petition for modification was dismissed by a single judge of the compensation court on November 18, 1986. The plaintiff then filed a motion for rehearing and, on April 13, 1989, obtained an award for an increase in disability after the rehearing on remand. Section 48-125 provides, in part:

If the employee files an application for a rehearing before the compensation court from an order of a judge of the compensation court denying an award and obtains an award . . . the compensation court may allow the employee a reasonable attorney's fee to be taxed as costs

against the employer for such rehearing, and the Supreme Court may in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in the Supreme Court.

Under § 48-125, the plaintiff is entitled to recover an attorney fee in the compensation court for the rehearing on remand on October 13, 1988, and in this court.

The finding and judgment of the Workers' Compensation Court that the plaintiff is entitled to recover compensation for an increase in incapacity due solely to the December 27, 1983, injury, equating to a 10-percent permanent loss of the use of his right arm, together with additional medical and hospital expenses, is affirmed. That part of the judgment of the compensation court denying the plaintiff an attorney fee in that court is reversed, and the cause is remanded with directions to allow the plaintiff a fee for the services of his attorney in that court for the rehearing on remand on October 13, 1988.

The plaintiff is allowed the sum of $1,000 for the services of his attorney in this court.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

WHITE, J., concurs.