LUIS MARTINEZ, APPELLANT, V. NEBRASKA DUPACO, APPELLEE.

457 N.W.2d 285

Filed July 6, 1990.   No. 89-1228.

James H. Monahan for appellant.

Joseph E. Andres for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Plaintiff, Luis Martinez, appeals from an award on rehearing by a three-judge panel of the Workers' Compensation Court. The panel modified the original award by reducing the period that appellant was entitled to temporary total disability benefits from $22^3/_7$ weeks to $13^2/_7$ weeks and by finding that appellant was not entitled to an award for vocational rehabilitation services. Appellant's two assigned errors combine to assert that there was not sufficient evidence in the record to support the findings of fact and the making of the award.

The findings of fact made by the compensation court after rehearing shall have the same effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Fenster v. Clark Bros. Sanitation, ante* p. 336, 455 N.W.2d 169 (1990); *Knowlton v. Airport Transportation Co., ante* p. 96, 454 N.W.2d 278 (1990). In testing the sufficiency of evidence to support findings of fact made by the Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. *Fenster v. Clark Bros. Sanitation, supra; Brazee v. City of Lincoln,* 234 Neb. 680, 452 N.W.2d 529 (1990).

The evidence most favorable to defendant-appellee, Nebraska Dupaco, reveals that Martinez, while employed as a boner by Nebraska Dupaco, was inadvertently stabbed in the top surface of the hand by a fellow employee on September 12, 1988. Martinez was initially treated by Dr. John Edney and was released to work on September 26. Martinez returned to work on September 29 and worked through the month of October. He was absent from work twice, and he left early three times during October. Martinez claims that his injury prevented him from performing his job because he did not have sufficient grip strength and his hand would become swollen when he tried to

work. Martinez was absent from work during the first 3 days of November and was at work on Friday, November 4. The next week he missed work on 4 consecutive days, and his employment was terminated on November 11. The personnel manager for the defendant testified at trial that Martinez was put on light duty after his injury and was never placed back on his full-duty job.

Martinez contends that he is entitled to further temporary total disability benefits and to rehabilitation services.

Martinez had been seen by two other physicians, Drs. James Canedy and Charles Pigneri. Both doctors provided deposition testimony for the rehearing.

Dr. Canedy testified that he first saw Martinez on October 21, 1988. He determined that Martinez had developed reflex sympathetic dystrophy, a pain dysfunctional syndrome which is a malfunction of the involuntary nervous system. Dr. Canedy started Martinez on occupational therapy because the longer he stayed away from actively using his hand, the worse the condition would get. After almost daily therapy sessions between December 2, 1988, and January 20, 1989, Martinez' hand improved, and Dr. Canedy released him to work on January 24. Dr. Canedy, whose opinions were based on a reasonable degree of medical certainty, testified that he did not believe Martinez would have any permanent partial disability.

Dr. Charles Pigneri saw Martinez on four different occasions, the first being September 23, 1988, and the last being June 13, 1989. Each visit lasted 10 to 15 minutes. Dr. Pigneri had Martinez perform functional tests, a "thumb-to-finger apposition test" and a "finger spreader test," and noted Martinez' subjective pain. No diagnostic tests were performed. Dr. Pigneri testified that Martinez' pain was possibly due to a neuroma as a result of a nerve laceration that did not heal at the ending. He did not know what caused the weakness in Martinez' hand and admitted that his prognosis that Martinez would continue to have problems unless his hand was repaired by a hand surgeon was based on speculation.

The compensation court found that Martinez was entitled to temporary total disability benefits for $13^2/7$ weeks, less credit to the defendant for sums already paid to Martinez. The court

also found that no permanent disability had been established, and therefore Martinez was not entitled to an award for vocational rehabilitation services. The court further stated:

This matter is in litigation primarily because of lack of agreement between two medical experts. It is axiomatic that in a workers' compensation case the claimant has the burden of proving all of the elements of his claim by a preponderance of the evidence. This burden includes the need to submit medical evidence that is sufficiently clear and definite to aid and enable the fact finder to make a rational judgment based on the evidence. If the claimant adduces medical evidence that is equivocal, vague, indefinite or otherwise lacking in probative value, the rehearing panel may not and will not supply missing links or fill in any blanks by means of speculation, conjecture, or surmise. We find that the plaintiff has failed to establish preponderantly that he sustained a disability as a result of said accident and injury that is or is likely to be permanent.

The compensation court's award on rehearing for temporary total disability benefits is supported by the evidence presented, if believed, by the defendant's personnel manager and the fact that Dr. Canedy released Martinez to work on January 24, 1989. As the trier of fact, the Workers' Compensation Court is the sole judge of the credibility of witnesses and the weight to be given their testimony. *Carter v. Weyerhaeuser Co.*, 234 Neb. 558, 452 N.W.2d 32 (1990).

As to the rehabilitation services, an injured worker's right to vocational rehabilitation services depends upon his inability to perform work for which the worker has previous training and experience. *Sherwood v. Gooch Milling & Elevator Co., ante* p. 26, 453 N.W.2d 461 (1990); *Hernandez v. Farmland Foods*, 227 Neb. 629, 418 N.W.2d 765 (1988). Whether an injured worker is entitled to vocational rehabilitation is ordinarily a question of fact to be determined by the Workers' Compensation Court. *Sherwood v. Gooch Milling & Elevator Co., supra*; *Hernandez v. Farmland Foods, supra*. The testimony of Dr. Canedy supports the court's finding regarding rehabilitation services.

As the compensation court noted, the basic dispute between

the parties was conflicting medical testimony. This court will not substitute its judgment for that of the compensation court where the record presents nothing more than conflicting medical testimony. *Hollinger v. Consolidated Motor Freight*, 223 Neb. 449, 390 N.W.2d 518 (1986); *Gibson v. City of Lincoln*, 221 Neb. 304, 376 N.W.2d 785 (1985).

There being sufficient evidence to support the findings of fact and subsequent award, those findings are not clearly wrong, and the judgment of the Workers' Compensation Court is affirmed.

AFFIRMED.