THOMAS DAVID BINKERD, APPELLANT, V. CENTRAL TRANSPORTATION CO., INC., ET AL., APPELLEES.
461 N.W.2d 87

Filed October 5, 1990.    No. 89-1451.

John A. Wagoner and James A. Widtfeldt for appellant.

Scott A. Burcham, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Plaintiff, Thomas David Binkerd, appeals from an order of a rehearing panel of the Workers' Compensation Court dismissing plaintiff's amended petition against defendants, Central Transportation Co., Inc. (Central), and Great West Casualty Company. Plaintiff timely appealed. Here he assigns three errors, which may be summarized as one: The Worker's Compensation Court erred in finding, as the panel stated, that

> based upon the weight and credibility it gives to the various witnesses and evidence before it that the events of March 1987; December 22, 1987; and June 20, 1988, are sufficiently independent intervening causes of a material and substantial nature so as to be new events and that the defendants' liability for the accident of December 2, 1985, has been previously compensated and that plaintiff's Amended Petition must therefore be dismissed.

We affirm.

"The findings of fact made by the compensation court after rehearing shall have the same effect as a jury verdict in a civil case and will not be set aside unless clearly wrong." *Martinez v. Nebraska Dupaco*, 235 Neb. 720, 721, 457 N.W.2d 285, 286 (1990). In examining the sufficiency of the evidence to support the factual findings made by the compensation court after rehearing, the evidence must be considered in the light most favorable to the successful party. *Martinez v. Nebraska Dupaco, supra*. Determinations as to causation are, ordinarily, a matter for the trier of fact. *Sherwood v. Gooch Milling & Elevator Co.*, 235 Neb. 26, 453 N.W.2d 461 (1990).

The record, viewed in the light most favorable to the defendant Central, shows the following: Plaintiff injured his back on December 2, 1985, while working as a truckdriver for defendant Central. On that date, plaintiff was attempting to climb some icy steps at a loading dock in Kearney, Nebraska, when he slipped and fell on his back. He felt no immediate pain and finished his delivery. While en route to his next destination, he began to experience pain in his lower back and right leg. He stopped at Holdrege, Nebraska, and checked into Phelps County Memorial Hospital, where he was treated by Dr. Stuart Embury. Dr. Embury examined plaintiff and consulted with Dr.

Robert Urban, whose diagnosis was "sub-acute lumbosacral sprain which carries with it no permanent disability." The final diagnosis by Dr. Embury was "[a]cute low back strain with sciatica." Plaintiff was released after 5 days at Phelps County Memorial Hospital and resumed work for defendant Central. According to a medical history later given by plaintiff to Dr. John Fox, " '[a]fter the 1985 on-the-job injury, his symptoms cleared after about two weeks of hospital treatment.' "

It is uncontested that plaintiff suffered an injury from this accident and that it occurred while plaintiff was in the employ of defendant. Central's insurance carrier, Great West Casualty, made payments for plaintiff's medical expenses arising from this incident. The last payment was made in January 1986. Plaintiff continued to work as a truckdriver for defendant Central until defendant Central fired him in April 1986. He testified that "[t]hree minor [truck-driving accident] incidents . . . caused my termination." After his employment with defendant, plaintiff held a series of jobs in truck driving or farm labor.

Plaintiff testified that after his release from the Holdrege hospital, he did not see another doctor about his back until June 1987, when he went to the Veterans' Administration hospital in Grand Island, Nebraska. This visit was precipitated by an incident in March 1987, when plaintiff injured his back while lifting and moving a couch. He and his wife each stated that while lifting the couch they heard plaintiff's back "pop." Thereafter, he experienced continuous low back pain until he was treated at the VA hospital in June 1987. Physicians there performed an electromyographic study on plaintiff. That test disclosed no abnormalities and showed no nerve compression or damage.

After his release from the VA hospital, plaintiff took a job as a truckdriver, but left this job within a month because of a personality clash with a coworker. He then obtained employment as a farm worker with Ron Holtgrew and then with National Farms. While working for National Farms in December 1987, plaintiff injured his back while scooping corn from a feedbin. Two weeks later, he saw Dr. Robert Randall in Atkinson, Nebraska, and told Dr. Randall that his back first

began to bother him after the corn-scooping incident, but related no previous history of back problems. Plaintiff was referred to Dr. John Fox in Omaha, who performed surgery on plaintiff in January 1988 to correct a ruptured disk. Plaintiff went to work as a general farm laborer in April 1988. In June 1988, while bending over to retrieve a small plastic toy which had blown out of his truck, plaintiff fell head over heels into a ditch on the side of the road. Plaintiff experienced pain after this incident, and in July 1988, Dr. Fox again operated on plaintiff's back for a ruptured disk in the same region as the first surgery.

Plaintiff contends that the 1985 injury was latent and progressive and that, therefore, he is entitled to compensation for all of his back problems subsequent to that injury, notwithstanding the fact that he did not file an action until February 1988, more than 2 years after the last payment for the 1985 accident was made. The compensation court correctly stated that causation is the central issue in this case and determined that plaintiff's 1985 injury was not latent and progressive and that the incidents which occurred in March 1987, December 1987, and June 1988 were independent intervening causes sufficient to terminate defendants' liability for the December 1985 accident. The evidence, if believed by the trier of fact, is sufficient to support the conclusion that plaintiff did not show by competent medical testimony that the 1985 accident caused his later condition resulting in the January and July 1988 surgeries and resultant disabilities.

In this workers' compensation case, plaintiff must prove by a preponderance of the evidence that the 1985 accident caused his later back problems, including his two surgeries. He did not do so. "[A]n employee must show by competent medical testimony a causal connection between the alleged injury, the employment, and the disability." *Fenster v. Clark Bros. Sanitation*, 235 Neb. 336, 342, 455 N.W.2d 169, 173 (1990). The compensation court panel did not err in determining that plaintiff did not establish a causal link between the 1985 accident and his subsequent surgeries in 1988.

While defendants do not contest that plaintiff did suffer an injury in 1985, the medical evidence does not show that the 1985

injury caused the disk protrusions which later necessitated surgery. While Dr. Fox's initial opinion was that the December 1985 accident triggered plaintiff's later problems, that opinion was based on an incomplete medical history as related by plaintiff in that Dr. Fox was not told of the 1987 moving accident nor was he told of the December 1987 corn-scooping incident.

The report of Dr. Charles Taylon showed that plaintiff was evaluated by Dr. Taylon in February 1989. Among records examined by Dr. Taylon was the record of an examination of plaintiff at Methodist Hospital in Omaha after the December 1987 incident. This examination showed plaintiff then had a severe L5 radiculopathy associated with a foot drop, requiring surgery. Based on this information, Dr. Taylon concluded that "[t]he major contributing incident related to his back problem appears to have been in December of 1987," and further stated that he had "objective information that the patient did not have a significant pinched nerve in June of 1987 in the V.A. Hospital, but subsequently did have a pinched nerve in December of 1987."

We have held: "As the trier of fact, the Workers' Compensation Court is the sole judge of the credibility of witnesses and the weight to be given their testimony." *Martinez v. Nebraska Dupaco*, 235 Neb. 720, 723, 457 N.W.2d 285, 288 (1990). When the record presents conflicting medical testimony, this court will not substitute its judgment for that of the Workers' Compensation Court. *Martinez v. Nebraska Dupaco, supra.*

The decision of the compensation court on rehearing, finding that plaintiff's later condition was caused by independent intervening incidents and dismissing plaintiff's claim, is supported by competent evidence in the record and is not clearly erroneous.

The decision of the Workers' Compensation Court is affirmed.

AFFIRMED.