JAMES V. ELWOOD, APPELLANT, V. PANHANDLE CONCRETE CO. AND THE ST. PAUL PROPERTY AND LIBERTY INSURANCE CO., APPELLEES.

463 N.W.2d 622

Filed December 7, 1990.    No. 90-147.

Robert M. Brenner, of Robert M. Brenner Law Office, for appellant.

Stephen W. Kay, of Kay & Kay, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.
James V. Elwood, the plaintiff, has appealed from an award on rehearing by a three-judge panel of the Workers'

Compensation Court. The defendants, Panhandle Concrete Co. (Panhandle) and The St. Paul Property and Liability Insurance Co., were ordered to pay benefits and medical expenses. Elwood asserts that the compensation court's award was contrary to the law and evidence concerning the extent of his disability, the period of his temporary total disability, and the failure to order the defendants to pay future medical bills. Elwood also assigns as error the court's failure to award penalties, interest, attorney fees, and costs, including expert witness fees. We affirm in part and reverse in part.

"The findings of fact made by the compensation court after rehearing shall have the same effect as a jury verdict in a civil case and will not be set aside unless clearly wrong." *Martinez v. Nebraska Dupaco*, 235 Neb. 720, 721, 457 N.W.2d 285, 286 (1990). "In testing the sufficiency of evidence to support findings of fact made by the Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party." *Id.* at 721, 457 N.W.2d at 287.

Elwood began working for Panhandle in September 1986 as a block machine operator. On October 13, 1987, as he was moving concrete blocks off a table to stack them, he felt a severe pain in his back, "shooting down to the low back and to the left." Elwood testified that later that day he reported the incident to his supervisor.

Elwood stated that his pain increased during the day and that he went to the Torrington, Wyoming, Community Hospital that evening. No x rays were taken, but the doctor manipulated his back, prescribed pain medication, and advised Elwood not to return to work for several days. Elwood visited the doctor again on October 16, 1987, and was given authorization to return to work on October 19. Upon his return to work, Elwood continued to run a block machine and also drove a Redimix truck.

On December 4, Elwood was laid off by Panhandle. He has not had substantial employment since that time. He testified that he received unemployment benefits and attended school, but failed or withdrew from several classes. Prior to his employment with Panhandle, Elwood had worked in Wyoming

mines for 22 years. His formal education ended with the 10th grade, but he has received a GED.

Elwood consulted with physicians about his back in May 1988, when x rays and a CAT scan were taken. He testified that he did not visit a doctor earlier because he lacked funds. At the time of the rehearing, Elwood testified that he could lift about 20 pounds and go and down stairs slowly, but he could not stoop, crawl, or bend to touch his toes. He said he could sit for about an hour at a time and could stand for a few minutes before changing positions due to discomfort. He could walk 5 to 10 minutes before experiencing discomfort and could lie down for 45 minutes to 1 hour before discomfort occurred.

Conflicting testimony was received from two physicians, each of whom based his opinion on a reasonable degree of medical certainty. Dr. Bruce Claussen, a nonpracticing orthopedic surgeon, examined Elwood at the request of the defendants. His diagnosis was that Elwood suffers from chronic low back syndrome, and he suggested that Elwood was entitled to an impairment rating of 5 percent of the body as a whole, based on the 1987 accident. Claussen's conclusion was reached after he compared x rays which were taken in 1986 for a preemployment physical with those taken in May 1988. Elwood had reported no other falls or accidents during this period, but had stated that he had a truck accident in 1969 or 1970. Claussen testified that he believed the degenerative changes which he saw in Elwood were secondary to the truck accident.

Although Claussen had no opinion as to the cause of further wedging of the vertebra evident in the 1988 x rays, he said that he would add 5 percent to the previous impairment, for a total impairment of 10 percent.

The deposition of Dr. Richard Southwell, an orthopedic surgeon, was received on Elwood's behalf. He testified that he had examined Elwood on four occasions, beginning on May 24, 1988. He diagnosed Elwood as suffering from a lumbosacral strain superimposed upon degenerative back disease and testified that he believed Elwood sustained an accidental injury on October 13, 1987.

Southwell also examined the 1986 x rays and found a normal bone structure. He testified that the later x rays showed a

compression fracture, a partial collapse of the bone structure, which occurred after the 1987 injury. His conclusion was a 15-percent whole-body medical impairment from the 1987 injury and a total impairment of 28 percent. He recommended that Elwood refrain from bending, lifting, twisting, riding on machinery or vehicles that cause vibration, and prolonged sitting or standing.

Southwell testified that Elwood could not return to his previous type of employment and that he is likely to require further medical treatment intermittently throughout his life.

Upon rehearing, the panel modified the original award by increasing the period that Elwood was entitled to temporary total disability from $5/7$ of a week to $18^6/7$ weeks. His benefits were increased from $176.21 for $5/7$ of a week and $17.62 for $299^2/7$ weeks, to $176.21 for $18^6/7$ weeks and $26.43 for $281^1/7$ weeks. The defendants were ordered to pay $777.15 in medical and hospital expenses. Elwood's permanent partial disability was increased from 10 to 15 percent.

While the testimony of the two medical experts disagrees, the compensation court's award on rehearing for temporary total disability benefits and for permanent partial disability is supported by the evidence. "As the trier of fact, the Workers' Compensation Court is the sole judge of the credibility of witnesses and the weight to be given their testimony." *Martinez v. Nebraska Dupaco*, 235 Neb. 720, 723, 457 N.W.2d 285, 288 (1990). When testimony from medical experts conflicts, "[t]his court will not substitute its judgment for that of the compensation court . . . ." *Martinez, supra* at 724, 457 N.W.2d at 288.

The plaintiff also assigns as error the failure of the compensation court to order future medical expenses paid by the defendants. The defendants assert that this question is not properly before us because future medical expenses were not mentioned in the pretrial order.

Plaintiff's petition identified the matters in dispute, which included "[f]uture medical expense under the provisions of the Act." The initial award by a single judge did not address future medical expenses. In Elwood's application for rehearing, he did not specifically identify failure to award future medical

expenses as an error of the court. The pretrial order, which identifies the issues to be determined upon rehearing, also fails to specifically mention future medical expenses.

We have held that a pretrial conference is conducted to simplify and narrow the issues to be presented in a case. " 'Issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. [Citation omitted.] Generally, issues delineated in an unaltered pretrial order supplant the issues raised in the pleadings. [Citation omitted.]' " *Bituminous Casualty Corp. v. Deyle*, 234 Neb. 537, 540, 451 N.W.2d 910, 913 (1990), quoting *Bump v. Firemens Ins. Co.*, 221 Neb. 678, 380 N.W.2d 268 (1986).

Under the rules of procedure of the Workers' Compensation Court,

> one of the objectives of the settlement conference is to narrow and reduce the number of issues and to limit the rehearing to matters which are essential and material to the issues to be decided on appeal. The rule [rule XXIV] further provides that the pretrial order shall supersede all other pleadings and shall set forth a statement of the issues to be determined.

*Beavers v. IBP, Inc.*, 222 Neb. 647, 652, 385 N.W.2d 896, 899 (1986).

The question of Elwood's future medical expenses was not mentioned in the pretrial order, the application for rehearing, or the award, and it is not properly before us now.

Elwood has also asserted error in the failure of the compensation court to award additional costs and fees. We agree in part and remand to the Workers' Compensation Court for the determination of appropriate fees and costs.

Under the Nebraska workers' compensation statutes, see Neb. Rev. Stat. § 48-125 (Reissue 1988), attorney fees and expenses are provided for in four instances:

> (1) A reasonable fee shall be awarded, both in the compensation court and in this court, when the employer refuses payment, or neglects to pay compensation for 30 days after an employee's injury, and the compensation court later makes an award (this award of fees is

authorized in connection with the proviso in the statute that "fifty percent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability"); (2) a reasonable fee shall be awarded when an employer files an application for rehearing before the compensation court from an award of a single judge of that court and does not obtain a reduction in the award; (3) a reasonable fee may be awarded when an employee applies for a rehearing from the order of a single judge denying any award and obtains an award on rehearing; and (4) a reasonable fee may be awarded when an employee applies for a rehearing from an award of a single judge and increases the award on rehearing.

*Behrens v. American Stores Packing Co.*, 234 Neb. 25, 31, 449 N.W.2d 197, 201 (1989).

Elwood's case fits neatly into the fourth category—he applied for a rehearing from an award of a single judge and the award was increased. However, a majority of the three-judge panel held that he was not entitled to an attorney fee because a "reasonable controversy" existed as to the nature and extent of the injury.

In *Behrens, supra,* we attempted to unravel the "reasonable controversy" standard, which had been applied unevenly in workers' compensation cases. We noted that the "reasonable controversy" concept had blurred the distinction between penalties and attorney fees.

[T]he awarding of attorney fees in compensation cases is purely statutory. . . .

The concept of the presence of a reasonable controversy is to be applied only to the determination as to whether an employee is entitled to the statutory penalties, not including attorney fees, as set out in § 48-125.

Attorney fees are allowable only pursuant to statutory authorization. [Citations omitted.] Whether there is a reasonable controversy or not has nothing to do with the award of attorney fees in workers' compensation cases, except in cases where an employer has erroneously refused to make payments after having been given 30 days' notice of disability. In every case tried before the compensation

court, there is a reasonable controversy as to some facts before the court. Section 48-125 provides when fees are to be awarded.

*Behrens, supra* at 32-33, 449 N.W.2d at 201-02. Accord *Snyder v. IBP, inc.*, 235 Neb. 319, 455 N.W.2d 157 (1990).

Elwood increased his award on rehearing, and may therefore be entitled to a reasonable attorney fee in the compensation court. He is also entitled to a fee in this court and is awarded the sum of $1,500 for attorney fees in this court. We remand to the compensation court to determine the amount of the fee, if any, in that court.

We also agree with Elwood that he should be allowed compensation for his costs, as required by Neb. Rev. Stat. § 48-172 (Reissue 1988), which provides in part:

When a reasonable attorney's fee is allowed the employee against the employer as provided in section 48-125, the compensation court shall further assess against the employer as costs of the employee, the cost of depositions if admitted into evidence, and may further assess against the employer the fees and mileage for necessary witnesses attending the proceedings at the instance of the employee.

The deposition of Dr. Southwell was admitted into evidence, and Elwood should be compensated for its cost. The statute also requires that the necessity for the witness and the reasonableness of the fees shall be approved by the compensation court. On remand, the compensation court should also determine these expenses.

The findings of fact and subsequent award are supported by sufficient evidence, and those findings are not clearly wrong. The judgment of the Workers' Compensation Court as to the extent of Elwood's disability and the period of his temporary total disability is affirmed. The order of the compensation court denying attorney fees and costs is reversed, and the cause is remanded on that issue.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.