WALTER S. NENEMAN, SR., APPELLANT, V. FALSTAFF BREWING CORPORATION, APPELLEE.

466 N.W.2d 97

Filed March 1, 1991.   No. 90-644.

James E. Harris, of Harris, Feldman, Stumpf Law Offices, and Gordon M. Ryan, of Ryan, Seidler & Langdon, for appellant.

Timothy M. Kenny and Bryan S. Mick, of Abrahams, Kaslow & Cassman, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from a judgment of the Workers' Compensation Court, which found that appellant, Walter S. Neneman, Sr., suffered from an occupational disease, asbestosis, incurred between 1942 and 1983 while in the employ of the appellee, Falstaff Brewing Corporation, and ordered the appellee to make payment of all future medical expenses.

The court further found that "the plaintiff has failed to maintain his burden of proving that he sustained any disability as a result of said occupational disease." Appellant assigns as error the finding that he was already totally disabled when his asbestosis manifested itself and therefore his earning power was not diminished by the asbestosis. We affirm.

The findings of fact made by the Nebraska Workers' Compensation Court on rehearing have the same force and effect as a jury verdict in a civil case and will not be reversed or set aside unless clearly wrong. *Martinez v. Nebraska Dupaco*, 235 Neb. 720, 457 N.W.2d 285 (1990); *Luehring v. Tibbs Constr. Co.*, 235 Neb. 883, 457 N.W.2d 815 (1990).

In testing the sufficiency of the evidence to support the findings of fact made by the Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. *Brazee v. City of Lincoln*, 234 Neb. 680, 452 N.W.2d 529 (1990); *Sherwood v. Gooch Milling & Elevator Co.*, 235 Neb. 26, 453 N.W.2d 461 (1990).

The facts most favorable to the prevailing party are as follows: Neneman was employed for a period of 41 years by and retired in 1983 from Falstaff. During his last 2 years of employment, Neneman began to suffer from substantial and painful non-employment-related medical problems, and as a result of participation in childhood athletics, Neneman had sustained several injuries to his knees. In addition, from an early age he suffered from osteomyelitis.

In December 1981, Neneman was hospitalized and underwent an osteotomy conducted by Dr. Gerald E. Ries. Subsequently, in March 1982, Neneman was diagnosed with thrombosis of the left knee, leading to a total knee replacement and another recovery period of 6 to 8 weeks. He returned to work but experienced more pain and difficulty. In May 1983, he was readmitted to the hospital and underwent a manipulation of the right knee, and on August 18, 1983, he was admitted to the emergency room at Bergan Mercy Hospital for treatment of osteomyelitis in his right ankle. He was again hospitalized, on August 25 and on September 12. He was readmitted to the hospital on November 20 for treatment of an infection. He was dismissed from the hospital on December 1, but never again returned to work with Falstaff.

Sometime in 1983, Neneman applied for Social Security, retroactive to September 1983, because of his recurring problems. Disability was granted prior to February 6, 1984, based on the report of Dr. Ries. He has received Social Security and pension benefits since that date. Dr. Ries' letter in support of his non-work-related disability retirement plan stated in part: "I hereby certify that because of [this] condition WALTER NENEMAN . . . (is) totally disabled so as to be unable to engage in any gainful employment or occupation by reason of a medically demonstrable (physical) . . . condition, and in my opinion such disability . . . (will) continue for the remainder of his life." On February 7, 1990, at the request of Neneman, Dr. Ries once more confirmed that Neneman could not be engaged in any kind of employment as a result of his orthopedic problems, without regard to any consideration of possible asbestosis.

It is obvious that there is evidence in the record which supports the finding of the compensation court that prior to the discovery of asbestosis, the defendant was totally disabled from a non-employment-related condition. As we are not free to substitute our judgment for that of the compensation court, the judgment must be affirmed.

AFFIRMED.